**William Burney BURKE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–98–185–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 1, 1999.

---

Ward Casey, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Chief of Appellate Section, Sylvia Mandel, Sharon A. Johnson, Tim M. Bednarz, Asst. Dist. Attys., Fort Worth, for Appellee.

Panel B: DAUPHINOT, RICHARDS, and HOLMAN, JJ.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW AND ON THE STATE'S AMENDED PETITION FOR DISCRETIONARY REVIEW

DAUPHINOT, Justice.

Pursuant to Texas Rule of Appellate Procedure 50, we have reconsidered our prior opinion upon Appellant's petition for discretionary review and upon the State's amended petition for discretionary review. Our opinion and judgment of June 17, 1999 are withdrawn and the following are substituted.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 1997, Appellant William Burney Burke drove his automobile while intoxicated, ran a red light, and collided with the automobile driven by Armon

Hunter, who suffered serious bodily injury as a result of the collision. Appellant was charged in count one of the indictment with reckless aggravated assault with serious bodily injury[1] and in count three of the indictment with intoxication assault.[2] Appellant pled guilty to both count one and count three. The jury found him guilty of both offenses and assessed his punishment at fifteen years' and ten years' confinement, respectively. The trial court entered judgment on the jury's verdict and ordered the sentences to run concurrently.

▆▆▆ In five issues on appeal, Appellant argues that the trial court erred in denying his motion for new trial because (1) his plea of guilty to the reckless aggravated assault charge was involuntary, (2) the trial court should have sua sponte withdrawn his plea of guilty to the reckless aggravated assault charge when the evidence raised an issue of innocence, (3) his conviction under the general aggravated assault statute violated his right to due course of law pursuant to article I, section 19 of the Texas Constitution because the intoxication assault statute specifically proscribes the same conduct, (4) his conviction under the general aggravated assault statute violated due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution because the intoxication assault statute specifically proscribes the same conduct, and (5) the trial

court's instruction to the jury to convict and assess the second degree felony punishment under the general aggravated assault statute before determining the third degree felony punishment under the special intoxication assault statute violated his right to a fair and impartial jury determination of punishment for the intoxication assault.[3]

## DOUBLE JEOPARDY VIOLATION

In its original brief, the State argued that Appellant's briefing was inadequate, that any constitutional error was waived by Appellant's failure to object at trial, that the trial court did not abuse its discretion in denying Appellant's motion for new trial, and that the State may properly prosecute an offender under both sections 22.02(a)(1) and 49.07 of the penal code. In its amended petition for discretionary review, the State argues that "Appellant never complained that conviction for both offenses was barred by double jeopardy."

▆▆▆ We are mandated to construe briefing rules liberally.[4] An issue is sufficient if it directs the appellate court to the error about which the complaint is made.[5] Although Appellant phrases his issues as due course of law and due process violations rather than as a double jeopardy violation, we understand Appellant to complain in issues one through four of a double jeopardy violation.[6] Appellant argues that

---

1. *See* Tex. Penal Code Ann. § 22.02(a)(1) (Vernon 1994).

2. *See id.* § 49.07.

3. By entering a plea of guilty without a plea bargain, Appellant has waived all non-jurisdictional errors occurring *prior to* the entry of his guilty plea, including claimed deprivation of federal due process. *See Jack v. State*, 871 S.W.2d 741, 743 (Tex.Crim.App.1994); *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App. 1972). Appellant's issues on appeal, however, all challenge the trial court's denial of his motion for new trial. Appellant therefore complains of errors occurring *after* the entry of his guilty plea, which are not waived by the *Helms* rule. *See Brown v. State*, 943 S.W.2d 35, 41 (Tex.Crim.App.1997); *Jack*, 871 S.W.2d at 744 (noting that court of criminal

appeals has routinely addressed merits of claims of error alleged to have occurred at or after entry of non-negotiated guilty plea, notwithstanding *Helms* rule). Appellant's complaint therefore is not barred by the *Helms* rule.

4. *See* Tex.R.App. P. 38.1(e), 38.9; *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 839 (Tex.App.— Fort Worth 1999, no pet.).

5. *See Maida*, 990 S.W.2d at 839.

6. *See generally Cook v. State*, 940 S.W.2d 623, 639 (Tex.Crim.App.1996) (noting "the due process concern upon which the double jeopardy doctrine is ultimately based"), *cert. denied*, 522 U.S. 821, 118 S.Ct. 75, 139 L.Ed.2d 35 (1997).

under the Fifth and Fourteenth Amendments to the United States Constitution and under article I, section 19 of the Texas Constitution, based on the facts of this case, he could not lawfully be convicted and punished for both intoxication assault and aggravated assault. We conclude that Appellant has adequately directed this court to his double jeopardy complaint and has adequately briefed the issues. As for the State's waiver argument, although Appellant did not make an objection on double jeopardy grounds at trial, he did raise the issue in a motion for new trial. The trial court had an opportunity to rule on Appellant's complaint. Furthermore, the court of criminal appeals and our court have held that the issue of double jeopardy is fundamental and may be raised for the first time on appeal.[7]

■ Turning to the merits of Appellant's complaint, the court of criminal appeals has recently examined a similar issue, and we are guided by that court's analysis.[8] In *Ex parte Ervin*, the court of criminal appeals examined the intoxication manslaughter and manslaughter statutes under a double jeopardy analysis.[9] Ervin was convicted of intoxication manslaughter and manslaughter pursuant to a plea agreement.[10] As in the case before us, both offenses arose out of a traffic accident involving a single victim.[11] And, as in the case before us, Ervin was convicted under both the general and the specific statutes and was given a sentence for each offense, to run concurrently.[12]

Considering the legislative intent of both statutes, the court of criminal appeals noted that effective September 1, 1994, the Texas Legislature moved the intoxication manslaughter portion of the involuntary manslaughter statute to a new section of the penal code consisting of intoxication offenses.[13] In addressing the question "did this move by the Legislature change intoxication manslaughter into an entirely different offense for double jeopardy purposes?," the court of criminal appeals concluded that the answer was no.[14] The court of criminal appeals held that "manslaughter and intoxication manslaughter are the same offense for double jeopardy purposes when they involve the same victim, and imposing convictions for both in this situation violates the Double Jeopardy Clause. A double jeopardy violation occurs even when, as in this case, the sentences are concurrent."[15]

As the gravamen of manslaughter and intoxication manslaughter is the death of an individual, the gravamen of reckless aggravated assault and intoxication assault is serious bodily injury to an individual. We therefore conclude that reckless aggravated assault causing serious bodily injury and intoxication assault causing serious bodily injury are the same offense for due process and due course of law purposes when they involve the same victim. Imposing convictions for both offenses in this situation violates due process and due course of law, even when the sentences are concurrent. We hold that the trial court abused its discretion in denying Appel-

7. See *Jones v. State*, 586 S.W.2d 542, 544 (Tex.Crim.App.1979); *Muncy v. State*, 505 S.W.2d 925, 925 (Tex.Crim.App.1974); *see also Pine v. State*, 889 S.W.2d 625, 627 (Tex. App.—Houston [14 th Dist.] 1994, pet. ref'd), *cert. denied*, 516 U.S. 914, 116 S.Ct. 300, 133 L.Ed.2d 206 (1995); *Garner v. State*, 858 S.W.2d 656, 661 (Tex.App.—Fort Worth 1993, pet. ref'd); *York v. State*, 848 S.W.2d 341, 342 (Tex.App.—Texarkana 1993, pet. ref'd).

8. See *Ex parte Ervin*, 991 S.W.2d 804 (Tex. Crim.App.1999).

9. *Id.* at 805–06.

10. *See id.* at 805.

11. *See id.*

12. *See id.* at 805–06.

13. *See id.* at 815.

14. *Id.* at 815–16.

15. *Id.* at 817.

lant's motion for new trial based on double jeopardy grounds.

We must now consider the proper remedy. The State relies on *Landers v. State* [16] and *Ochoa v. State* [17] for the proposition that when a double jeopardy violation is found, the proper remedy is to affirm the more serious conviction and punishment. We point out that both *Landers* and *Ochoa* dealt with lesser included offenses. The question in those cases was whether to uphold the higher level offense or the offense for which the jury imposed the higher sentence. That is not the issue now before this court. The rationale behind the holdings in *Landers* and *Ochoa* is that the State has the right to choose whether to prosecute for the greater offense or the lesser offense. We presume that, had the State prosecuted only one offense, it would have chosen the offense carrying the higher sentence. When, however, the Legislature has carved out specific circumstances under which a specific statute governs, the Legislature has not created greater and lesser included offenses. Rather, the Legislature has determined the one statute that governs and has removed from the State the option of prosecuting for the general offense where the circumstances of the case establish *only* the specific offense. [18] In this case, we are not faced with determining which offense the State would have chosen to prosecute, as was the question in *Landers* and *Ochoa*. The question before us is, instead, a matter of legislative intent.

The issue before us in this case is whether the conviction for the general offense, reckless aggravated assault, or the conviction for the specific offense, intoxication assault, survives. The *Ervin* court instructs us that "[w]hen multiple offenses are prosecuted at a single trial, the Double Jeopardy Clause 'prevent[s] the sentencing court from prescribing greater punishment than the legislature intended.'" [19] As the *Ervin* court points out:

> The *Blockburger* test's status as a "mere rule of statutory construction" raises an inverse conclusion as well: the *Blockburger* test cannot authorize two punishments where the legislature clearly intended only one. And, that status raises the possibility that there exist other rules of statutory construction that may be employed to help ascertain whether a legislature intended multiple punishments. [20]

When the legislature proscribes certain conduct by both a general statute and a specific statute, we look to other rules of statutory construction to help ascertain whether the legislature intended multiple punishments. One such rule of statutory construction is the rule that if the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision. [21] The court of criminal appeals has stated, "In the case in which the special statute provides for a lesser range of punishment than the general, obviously an 'irreconcilable conflict' exists, and due process and due course of law dictate that an

**16.** *Landers v. State*, 957 S.W.2d 558, 559–60 (Tex.Crim.App.1997).

**17.** *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim.App.1998).

**18.** *See, e.g., State v. Mancuso*, 903 S.W.2d 386, 388 (Tex.App.—Houston [1 st Dist.] 1995) (holding that because specific provisions of mandatory community supervision law control over general provisions of habitual offender law, trial court was required to sentence defendant under specific terms of mandatory community supervision law rather

than general terms of habitual offender law), *aff'd*, 919 S.W.2d 86 (Tex.Crim.App.1996).

**19.** *Ex parte Ervin*, 991 S.W.2d at 807 (quoting *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)).

**20.** *Id.*

**21.** *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998); *see also Mayo v. State*, 4 S.W.3d 9, 11–12 (Tex.Crim.App.1999) (applying § 311.026).

accused be prosecuted under the special provision, in keeping with presumed legislative intent." [22] Applying this well-established rule and the *Ervin* court's analysis, we hold that, under the facts of this case, the specific intoxication assault statute prevails over the general reckless aggravated assault statute. Accordingly, we vacate Appellant's conviction under count one, violation of section 22.02(a)(1) of the penal code, the general reckless aggravated assault statute. [23]

▮ In *Ervin*, the court of criminal appeals expressly held that the State may waive an illegal portion of a judgment and maintain the remainder of the plea agreement. [24] We hold that the State may waive an illegal portion of a judgment and maintain the remainder of the judgment, even absent a plea agreement. In its amended petition for discretionary review, the State argues that it never suggested the remedy that we employed in our first opinion, which was to vacate the aggravated assault conviction and to affirm the intoxication assault conviction:

> The court further suggested that this was done at the State's suggestion. Nothing could be further from the truth. The State's position regarding the appropriate remedy was noted in her brief and at oral argument: if conviction and punishment for both offenses was found unconstitutional, the correct remedy was to affirm the more serious offense. The panel opinion not only ignored the State's Brief and oral argument, it mis-

represented the true position of the parties.

We direct the State to its conclusion and prayer in its original brief: "Appellant suffered no reversible error. Therefore, the State prays that his conviction be affirmed. In the alternative, if this Court concludes that prosecution under art. 22.02(a)(1) was improper, this Court should affirm the conviction under art. 49.07, intoxication assault."

After reviewing Appellant's petition for discretionary review and the State's amended petition for discretionary review, we conclude that the appropriate remedy is to vacate Appellant's conviction under the general reckless aggravated assault statute and to affirm his conviction under the specific intoxication assault statute. Consequently, we vacate Appellant's conviction under count one of the indictment, violation of section 22.02(a)(1) of the penal code, and affirm his conviction under count three of the indictment, violation of section 49.07 of the penal code.

## FAIR AND IMPARTIAL JURY DETERMINATION OF PUNISHMENT

▮ In his fifth issue, Appellant again argues that the trial court erred in denying his motion for new trial. Specifically, Appellant contends that by improperly instructing the jury to convict and to assess the second degree felony punishment under the general aggravated assault statute before determining the appropriate third degree felony punishment under the spe-

---

**22.** *Mills v. State,* 722 S.W.2d 411, 414 (Tex. Crim.App.1986).

**23.** In its amended petition for discretionary review, the State argues that in our first opinion we cited "a legal platitude ('the general governs over the specific') without any analysis, and fashion[ed] a remedy that is inapplicable to the error found. If the panel is correct, then [the court of criminal appeals] should have affirmed the intoxication manslaughter, not the manslaughter conviction, in *Ervin.*" The State misunderstands our first

opinion. Indeed, we held the exact opposite, that the specific intoxication assault statute prevails over the general aggravated assault statute. *See Burke v. State,* 995 S.W.2d 851 (Tex.App.—Fort Worth 1999, pet. filed). We would also point out that the court of criminal appeals did affirm the intoxication manslaughter conviction, not the manslaughter conviction, in *Ervin. See Ex parte Ervin,* 991 S.W.2d at 817 (directing trial court to vacate manslaughter conviction and retain intoxication manslaughter conviction).

**24.** *See Ex parte Ervin,* 991 S.W.2d at 817.

cial intoxication assault statute, the trial court violated his right to a fair and impartial jury determination of punishment for the intoxication assault.

The court of criminal appeals has held that when the trial court follows the rules of evidence and otherwise properly conducts the trial at punishment, improperly joined offenses that are later vacated on appeal do not fatally flaw the punishment trial on the surviving offense.[25] Appellant points us to no authority to the contrary. Appellant did not object to the punishment procedure at trial. Furthermore, he does not challenge the jury charge on appeal, nor did he object to the jury charge at trial. As in *Callins*, we are presented with a mere conclusory statement that the trial court's punishment procedure prejudiced Appellant's right to a fair and impartial jury determination of the punishment for the intoxication assault. We hold that the trial court did not err in denying Appellant's motion for new trial on this alleged ground, but acted within its sound discretion.[26] We overrule Appellant's fifth issue.

### HOLDING

We vacate Appellant's conviction under count one of the indictment, violation of section 22.02(a)(1) of the penal code, and affirm his conviction under count three of the indictment, violation of section 49.07 of the penal code. We reform the trial court's judgment to delete the fifteen-year sentence under count one for reckless aggravated assault. As reformed, we affirm the trial court's judgment.

RICHARDS, J. filed a dissenting opinion.

RICHARDS, Justice, dissenting.

I respectfully dissent. While I agree with the majority that one of the sentences

assessed must be deleted for reason of a double jeopardy violation, I do not believe that we should delete the *greater* sentence—the fifteen-year sentence for aggravated assault. Rather, I believe the law dictates that we reform the judgment so as to delete the *lesser* sentence—the ten-year sentence for intoxication assault. *See Landers v. State*, 957 S.W.2d 558, 559–60 (Tex.Crim.App.1997).

---

**25.** *See Callins v. State*, 780 S.W.2d 176, 193–94 (Tex.Crim.App.1986), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3256, 111 L.Ed.2d 766 (1990).

**26.** *See State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993) (noting that court of criminal appeals has consistently held that decision on motion for new trial rests within sound discretion of trial court).