NUMBER 13-01-139-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

GILBERT MIRELES SYLVA,                                                       Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 156th District Court of Bee County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Yañez

          In three issues, appellant, Gilbert Sylva, challenges his conviction for intoxication
assault


 and aggravated assault with a deadly weapon.


 We reform the trial court’s
judgment, and affirm, as reformed.
Background
          Late in the evening of September 1, 2000, Sylva was involved in a car accident with
a car full of teenage girls. He was driving his truck, with wide wheel wells and double-tires
on the rear, home from work on FM-673, a narrow two-lane road without shoulders. Earlier
in the evening, he drank two beers with dinner and three more at a bar. The girls were
traveling in a caravan of cars to a friend’s ranch. The accident occurred on FM-673, just
north of Beeville in Bee County.
          According to eyewitnesses, Sylva swerved into the oncoming lane of traffic and
struck the girls’ car. Sylva alleges that the first or second car in the caravan crossed the
center line into his lane, which forced him to take evasive action to the right. He further
alleges that his truck was hit by the third car, the girls’ car, in his lane, as their driver was
trying to avoid the other car’s erratic movements. Three-and-a-half hours after the
accident, Sylva’s blood alcohol level was measured at 0.18.
          One of the passengers in the girls’ car, a seventeen-year-old high school senior,
suffered serious bodily injuries. She suffered scalp, face, and hand lacerations. In a five-and-a-half hour surgery, she received ten staples on the top of her head and 1,000 stitches
in her face.
          On January 12, 2001, the jury found Sylva guilty of intoxication assault and
aggravated assault with a deadly weapon. The jury assessed punishment at ten years
confinement for intoxication assault and twenty years confinement for aggravated assault
with a deadly weapon.
Analysis
          In his first issue, Sylva contends his conviction, for both intoxication assault and
aggravated assault growing out of a single car accident with a single victim, violates the
Fifth Amendment’s protection against double jeopardy.


 The State concedes this issue. 
          The Court of Criminal Appeals has held that intoxication manslaughter and
manslaughter are the same offense for double jeopardy purposes in a case involving a
single car accident with a single victim. See Ervin v. State, 991 S.W.2d 804, 817 (Tex.
Crim. App. 1999). The Fort Worth Court of Appeals subsequently held that intoxication
assault and aggravated assault are also the same offense for double jeopardy purposes
when they involve the same victim. See Burke v. State, 6 S.W.3d 312, 316 (Tex.
App.–Fort Worth 1999), vacated on other grounds, 28 S.W.3d 545 (Tex. Crim. App. 2000).
          Here, appellant was convicted of intoxication assault and aggravated assault in a
case involving the same accident and victim. We follow the analysis of the two cases cited
above to hold that intoxication assault and aggravated assault in a case involving the same
accident and victim are the same offense for double jeopardy purposes.
          When a defendant is convicted in a single criminal action of two offenses that are
the same for double jeopardy purposes, the remedy is to vacate one of the convictions. 
See Landers v. State, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997) (citing Ball v. United
States, 470 U.S. 856, 864-65 (1985)); see also Moreno v. State, 1 S.W.3d 846, 864 (Tex.
App.–Corpus Christi 1999, pet. ref’d). We must determine which conviction to vacate.
          The Court of Criminal Appeals has held that the general provision, aggravated
assault, does not give way to the special provision, intoxication assault, because the two
offenses are not in pari materia,


 meaning they do not share a common purpose and are
not intended to be construed together. Burke v. State, 28 S.W.3d 545, 546-49 (Tex. Crim.
App. 2000). We are left with the “most serious punishment” test. See Landers, 957
S.W.2d at 560; see also Moreno, 1 S.W.3d at 864. While one of the offenses in both the
Landers and Moreno cases was the lesser-included of another, unlike the two offenses
here, it is apparent that the “most serious punishment” test is not limited to such a situation. 
See Landers, 957 S.W.2d at 560. The test “requires retaining the offense with the most
serious punishment and vacating any remaining offenses that are the ‘same’ for double
jeopardy purposes.” Id. “The ‘most serious punishment’ is the longest sentence imposed.” 
Id. Thus, the most serious punishment is the twenty-year sentence for aggravated assault. 
We sustain appellant’s first issue. Accordingly, we vacate the judgment and ten-year
sentence for intoxication assault.
          In his second issue, Sylva contends he was denied effective assistance when trial
counsel failed to request a charge on causation. We disagree.
          Strickland v. Washington, 466 U.S. 668 (1984), sets forth the standard of review for
effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. Id. The defendant must first show that
counsel’s performance was deficient, in that it fell below an objective standard of
reasonableness. Id. Second, the defendant must further prove there is a reasonable
probability that but for counsel’s deficient performance, the result of the proceeding would
have been different. Id. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id.
          The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Id. An appellate court looks
to the totality of the representation and the particular circumstances of the case in
evaluating the effectiveness. Id.
          The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Id. at 813. There is a strong presumption that counsel’s conduct
fell within the wide range of reasonable professional assistance. See Davis v. State, 930
S.W.2d 765, 767 (Tex. App.–Houston [1st Dist.] 1996, pet. ref’d). To defeat the
presumption of reasonable professional assistance, “any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).
          Given the standard of review for ineffectiveness of counsel, appellant has not met
his burden to prove trial counsel’s representation fell below an objective standard of
reasonableness and the deficient performance prejudiced his defense. Here, the record
reflects counsel did not pursue the defense that another driver was the sole cause of the
accident. However, considering eyewitnesses testified as to appellant swerving into
oncoming traffic, seeking an instruction on sole causation and presenting the defense to
the jury could have been seen as less than credible. Thus, the evidence is not sufficient
to rebut Strickland’s presumption that the challenged action of trial counsel was the result
of “sound trial strategy.” Strickland, 466 U.S. at 689. Appellant’s second issue is
overruled.
          In his third issue, Sylva contends the trial court erred by not granting a mistrial


 when
the prosecutor asked him if he wanted to apologize to the family of the alleged victim
during cross-examination of the guilt/innocence stage. We disagree.
          “The determination of whether a given error necessitates a mistrial must be made
by examining the particular facts of the case.” Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999) (citing Hernandez v. State, 805 S.W.2d 409, 413-14 (Tex. Crim. App.
1990)). “The asking of an improper question will seldom call for a mistrial, because, in
most cases, any harm can be cured by an instruction to disregard.” Id. “A mistrial is
required only when the improper question is clearly prejudicial to the defendant and is of
such character as to suggest the impossibility of withdrawing the impression produced on
the minds of jurors.” Id. “A trial court’s denial of a mistrial is reviewed under an abuse of
discretion standard.” Id. (citing State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App.
1993)).
          Here, the prosecutor twice asked appellant if he had anything to say in the way of
an apology. Trial counsel for appellant objected on the ground of prejudice to the defense
in each instance. The trial court sustained both objections. Trial counsel then requested
an instruction to the jury to disregard the questions. The trial court granted the request and
gave such an instruction to the jury. Finally, trial counsel moved for a mistrial, and the trial
court denied the motion.
          As the Court of Criminal Appeals held in Ladd, we also discern no abuse of
discretion in the trial court’s denial of a mistrial here. Id. The questions do not “suggest
the impossibility of withdrawing the [prejudicial] impression produced on the minds of
jurors.” Id. Appellant’s third issue is overruled.
          We reform the trial court’s judgment by vacating the intoxication assault conviction. 
As reformed, the judgment of the trial court is affirmed.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice


Do not publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
8th day of January, 2004.