

NUMBER 13-13-00496-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                          Appellant,

v.

BRITTANY WYATT,                                                             Appellee.

**On appeal from the County Court at Law No. 3
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

The State of Texas appeals the trial court's granting appellee Brittany Wyatt's motion to dismiss with prejudice. By one issue, the State argues that the trial court erred in granting the motion without the State's consent. We reverse and remand.

## I.   BACKGROUND

Wyatt was arrested on January 8, 2007 for driving while intoxicated in Nueces County, Texas.   She voluntarily consented to a breathalyzer test and the results revealed a blood alcohol content of .177.   Wyatt was charged in cause number 2007-0624-3 on January 27, 2007 ("the 2007 cause number").   According to the State, the 2007 cause number was set for jury trial fifteen times and set for pretrial hearings multiple other times. The State filed a motion to dismiss the 2007 cause number when the arresting officer involved in the stop failed to appear for a pretrial hearing.   The trial court granted the State's motion.   At the time of dismissal, the 2007 cause number had been pending for four years.   The State claims Wyatt had requested at least nine continuances during that time, while the State requested at least three.

The State re-filed Wyatt's case on September 20, 2011 under cause number 2011-5202-3 ("the 2011 cause number").[1]   Subsequently, Wyatt filed a "Motion for Sanctions and/or Suppression of Testimony by Trooper Manuel Castro, Jr."   In her motion, Wyatt argued that "on two occasions [in the 2007 cause number] the trial court scheduled an evidentiary hearing, and the trooper was either not available or purposely made himself unavailable", that Wyatt had been "financially and emotionally harmed, and re-filing the case "amounts to prosecutorial abuse."   The order attached to her motion requested that the trial court grant the motion and dismiss the case with prejudice based on the arresting officer's failure to appear, that Wyatt's due process rights had been violated, further

---

[1] Although this appeal relates to the 2011 cause number, both parties reference events that occurred in the 2007 cause number.   Wyatt's counsel urges this court to only review the clerk's record submitted for the present case.   However, both parties continually reference incidents from the 2007 cause number in their briefs.   We gathered the background information related to 2007 cause number from the briefs filed by both parties.

prosecution would amount to prosecutorial abuse, the abuse would be cruel and unusual punishment of Wyatt, and that Wyatt would be denied her right to counsel of her choice due to the State's improper dilatory tactics.

On August 28, 2013, at a pretrial hearing on Wyatt's motion, Wyatt's mother, Paula, testified as to the facts of the underlying case. Paula testified that Wyatt's attorney was prepared to argue the motion to suppress twice in the 2007 cause number but could not because the State's witness had failed to appear both times. On both occasions, Paula explained that Wyatt traveled from Waco, and her attorney traveled from San Antonio. The frequent continuances were financially burdensome because Wyatt's parents had to pay for Wyatt's and her attorney's travel expenses. Wyatt was also forced to miss college classes.

Wyatt's attorney also argued to the trial court that the State's ability to dismiss and re-file suits would eventually deprive Wyatt of her constitutional right to counsel because she had to re-hire and pay a new retainer fee to her attorney every time her case was dismissed and reinstated. Wyatt's attorney argued that eventually Wyatt would be unable to afford the attorney of her choice.

The trial court took the motion under advisement and later ordered a dismissal with prejudice in the 2011 cause number. This appeal followed.

## II.    DISMISSAL OF CHARGES BY TRIAL COURT

By its sole issue, the State asserts the trial court lacked the authority to dismiss the charges pending against Wyatt without its consent. In reviewing the dismissal of a charging instrument,

3

the appellate court must review the trial court's ruling under a bifurcated standard. The court of appeals must give almost total deference to a trial court's findings of fact that are supported by the record, as well as mixed questions of law and fact that rely upon the credibility of a witness. However, the court of appeals applies a *de novo* standard of review to pure questions of law and mixed questions that do not depend on credibility determinations.

*State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011).

## A.    Applicable Law

It is a common law rule that "except in certain circumstances, a court does *not* have the authority to dismiss a case unless the prosecutor requests the dismissal." *State v. Johnson*, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991) (en banc). There are certain circumstances where a trial court can dismiss a case without the state's consent, "such as when the defendant has been denied a speedy trial, where there is a defect in the charging instrument, or, pursuant to Article 32.01, when a defendant is detained and no charging instrument is properly presented." *Id.* at 616, fn. 2 (citing TEX. CODE CRIM. PROC. ANN. § 32.01 (West, Westlaw through 2013 3d C.S.)). A trial court can also dismiss an indictment "to remedy a violation of the Sixth Amendment right to counsel." *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003). For a Sixth Amendment violation, the trial court can "properly dismiss a charging instrument if 'a defendant suffers demonstrable prejudice, or a substantial threat thereof, and where the trial court is unable to identify and neutralize the taint by other means.'" *Id.* (citing *State v. Frye,* 897 S.W.2d 324, 330 (Tex. Crim. App. 1995)). However, while a trial court "may dismiss a charging instrument to remedy a constitutional violation, the dismissal of an indictment is 'a drastic measure only to be used in the most extraordinary circumstances.'" *Id.* at 817. "Therefore, where there is no constitutional violation, or where the appellee's rights were

4

violated but dismissal of the indictment was not necessary to neutralize the taint of unconstitutional action, the trial court abuses its discretion in dismissing the charging instrument without the consent of the State." *Id.*

## B. Discussion

The trial court held a hearing on August 28, 2013 to address the motion for sanctions and suppression of testimony Wyatt had filed. Wyatt's counsel argued the State's refiling denied Wyatt of her right to have a lawyer of her choosing and of prosecutorial misconduct. However, on appeal, Wyatt additionally argues that the State did not preserve error to complain about the dismissal by not objecting and for the first time that Wyatt's right to speedy trial was violated. Without a showing of the limited circumstances in which the trial court can dismiss without the State's consent, this ruling by the trial court would be in error. We will address the claims made by Wyatt to determine if any of the extraordinary circumstances were present.

### 1. Sixth Amendment Right to Counsel

Wyatt contends that her right to counsel was violated by the State being able to dismiss and refile cases. Wyatt's trial counsel argued that the State can essentially grant their own continuances by dismissing and refiling cases and in essence, deny her right to have a lawyer that she chooses. The State argued the Sixth Amendment right to counsel is not absolute and a defendant is not entitled to a lawyer she cannot afford. U.S. CONST. AMEND. VI.; *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003)

The Sixth Amendment to the United States Constitution "guarantees that 'in all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence.'" *Wheat v. U.S.*, 486 U.S. 153, 158 (1988). The "right to

5

assistance of counsel contemplates the defendant's right to obtain assistance from counsel of the defendant's choosing". *Gonzalez v. State*, 117 S.W.3d at 837. However, that right is not absolute. *Id.* "A defendant has no right to an advocate who is not a member of the bar, an attorney he cannot afford or who declines to represent him, or an attorney who has a previous or ongoing relationship with an opposing party." *Id.* In evaluating a Sixth Amendment claim, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." *Wheat*, 486 U.S. at 159 (citing *United States v. Cronic*, 466 U.S. 648, 657, n. 21 (1984)).

Wyatt argues that the actions by the State will deprive her of her choice of counsel because of the expense she must endure. However, Wyatt is not entitled to an attorney she cannot afford. Wyatt's mother testified that the original trial counsel they hired charged a large retainer fee and the contract terminated between the parties at the time of the dismissal. Wyatt never claims she would not be able to afford that attorney's services again. She simply claims that she will have to pay another fee in order to employ him. This situation does not amount to a denial of her Sixth Amendment right to counsel, and if she cannot afford him a second time, it is not a denial of her constitutional rights. U.S. CONST. AMEND. VI. Therefore, the trial court was incorrect to grant Wyatt's motion on this ground.

### 2. Prosecutorial Misconduct

Wyatt also claims that the State's ability to refile a case amounted to prosecutorial misconduct. However, in *State v. Mason*, the Court of Criminal Appeals stated they "have found no authority permitting a trial court to dismiss a case with prejudice based on the State's alleged bad faith or harassment of the defendant." *State v. Mason*, 383

6

S.W.3d 314, 315 (Tex. Crim. App. 2012). In *Mason*, "neither the trial judge nor appellee ever alleged the State engaged in acts demonstrating bad faith or prosecutorial misconduct." *Id.* Similarly, in Wyatt's case, she alleges there was prosecutorial misconduct based on the refiling of her case, but during the pretrial hearing, her trial counsel states that the allegation is neither directed at the prosecutor who handled the 2007 cause number nor the current prosecutor handling the 2011 cause number. There was no showing of prosecutorial misconduct other than the allegation made by Wyatt in her motion, and the trial court should not have granted a dismissal based on prosecutorial misconduct.

### 3. Speedy Trial Violation

Additionally, for the first time on appeal, Wyatt makes a claim that the actions of the State amounted to a violation of her right to a speedy trial. *Id.* Under the rules of appellate procedure, in order for Wyatt to raise this issue on appeal, it must have been made and ruled on by the trial court. TEX. R. APP. P. 33.1. (West, Westlaw through 2013 3d C.S.). However, even if it had been properly preserved for our review, we hold that Wyatt's right to a speedy trial was not violated.

The Sixth Amendment also guarantees the accused right to a speedy trial. U.S. CONST. AMEND. VI. The factors for the trial court to consider, commonly known as the *Barker* factors, used in analyzing a speedy trial violation are: (1) "whether delay before trial was uncommonly long", (2) "whether the government or the criminal defendant is more to blame for that delay", (3) "whether, in due course, the defendant asserted his right to a speedy trial", (4) "whether he suffered prejudice as the delay's result." *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002) (en banc) (citing *Barker*

*v. Wingo*, 407 U.S. 514, 530 (1972)). Courts must analyze the claims "by first weighing the strength of each of the above factors and then balancing their relative weights in light of 'the conduct of both the prosecution and the defendant.'" *Id.* However, "in order to preserve error for appellate review, a defendant must make a timely request, objection, or motion in the trial court (regardless of whether or not the error complained of is constitutional)." *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013). Speedy trial must be complained about in the trial court in order to "allow the trial court to develop the record sufficiently for a *Barker* analysis." *Id.* at 769. It is the "accused's burden to develop a record that a speedy trial violation occurred and that it was asserted at the trial court." *Grimaldo v, State*, 130 S.W.3d 450, 453 (Tex. Crim. App.—Corpus Christi 2004, no pet.). "Mere allegations in an appellate brief are not enough." *Id.* Speedy trial rights are "different from other constitutional rights because the depravation of the right can benefit the defendant" and as such the demand should be "unambiguous" when made in the trial court. *Id.* at 766, 769. The *Henson* court explained:

> As has been discussed, the deprivation of a speedy trial often can benefit the appellant. Without a requirement of preservation, a defendant would have great incentive not to insist upon a speedy trial and then argue for the first time on appeal that the prosecution should be dismissed because of delay. The requirement of preservation forces the defendant to pick one strategy. He can either fail to insist upon a speedy trial and possibly reap benefits caused by the delay, or he can insist on a prompt trial, and if it is not granted, argue for a dismissal. He may not do both.

*Id.* at 769. In *Henson*, the defendant "did not file a speedy trial motion, did not request a hearing on the delays, and explicitly agreed to each and every reset." *Id.* The trial court found that those were "not the actions of someone seeking to preserve and protect his right to speedy trial." *Id.*

8

Wyatt's case is analogous to *Henson*.  Although Wyatt's case languished on the docket for four years, she never raised a violation of speedy trial with the trial court. Additionally, based on the briefs of the parties and the clerk's record submitted for the 2011 cause number, Wyatt appears to have asked for multiple continuances throughout the years her case was pending.  Her actions, like in *Henson*, are not the actions of someone seeking to preserve her right to speedy trial.   Granting a dismissal based on a speedy trial violation was improper in the present case.

In analyzing the grounds contained with the trial court's order to dismiss, we find that none of them warrant dismissal by the trial court without the State's consent.[2]

### III.    CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
4th day of June, 2015.

---

[2] We find that the due process violation referred to in the trial court's order is contained within the Sixth Amendment violation allegations of speedy trial and right to counsel.   As such, we do not need to separately address that claim.

9