Glenn Ray LANDERS, Appellant,

v.

The STATE of Texas.

No. 1736–96.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 26, 1997.

Allan K. Butcher, Allan K. Butcher, Jr.,
Fort Worth, for appellant.

John A. Stride, Assistant District Attorney, Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and MANSFIELD, PRICE, HOLLAND and WOMACK, Judges, joined.

Appellant stole a truck. Concerning this conduct, the State indicted appellant on two counts: (1) theft of property valued at $750 or more but less than $20,000 and (2) unauthorized use of a motor vehicle (UUMV).[1] Both counts alleged the same owner and the same occurrence date, on or about June 27, 1994. Habitual allegations were included in the indictment.

The jury convicted appellant on count 2 (UUMV) and on a lesser included offense of count 1—the lesser-included offense being theft of property valued at $250 or more but less than $750. The jury assessed punishment at 62 years confinement in the Institutional Division of the Texas Department of Criminal Justice for the UUMV and at 9 months confinement in the county jail for the theft offense.

The Court of Appeals held that conviction on both offenses violated the Fifth Amend-

---

1. The indictment to which we refer was a reindictment. The original indictment contained only one count: unauthorized use of a motor vehicle.

ment's double jeopardy clause because UUMV was a lesser-included offense of theft, and the court reformed the judgment to delete the conviction and sentence for theft. In his petition for discretionary review, appellant contends that the Court of Appeals should have dismissed the conviction for UUMV rather than for the theft offense. We will affirm.

■ The sole issue before us is the proper remedy for the double jeopardy violation.[2] The Supreme Court has directed that when a defendant is convicted in a single criminal action of two offenses that are the "same" for double jeopardy purposes, the remedy is to vacate one of the convictions. *Ball v. United States*, 470 U.S. 856, 864–865, 105 S.Ct. 1668, 1673–1674, 84 L.Ed.2d 740 (1985).[3] In *Ball*, the defendant was convicted of two offenses under federal law: (1) receiving a firearm and (2) possessing a firearm. *Id.* at 857–858, 105 S.Ct. at 1669–1670.[4] Possessing a firearm was logically a lesser-included offense of receiving a firearm. *Id.* at 862 & 862 n. 9, 105 S.Ct. at 1672 & 1672 n. 9. The Supreme Court initially explained that double jeopardy did not prevent the government from trying both offenses and submitting both offenses to the jury for verdict. *Id.* at 860, 860, ns. 7 & 8, 865, 105 S.Ct. at 1670–1671, 1670–1671, ns. 7 & 8, 1673. The Court then held that double jeopardy required vacating one of the convictions (and its sentence), but the Court did not specify which one. *Id.* at 865, 105 S.Ct. at 1673–1674.

The Supreme Court's analysis in *Ball* shows that federal double jeopardy principles do not dictate which conviction must be set aside. If conviction on the "greater" offense necessarily foreclosed conviction on the "lesser" one, as appellant contends, then, logically, the prosecution would not be permitted to submit both offenses to the jury as *separate* counts; instead, both offenses would be submitted *in the alternative*. But the Supreme Court held that the government could, indeed, submit both offenses as separate counts. Moreover, if double jeopardy required always dismissing the "lesser" offense, the Supreme Court could have easily said so, but it did not. Instead, by remanding the cause for dismissal of one of the convictions, the Supreme Court indicated that it did not matter for double jeopardy purposes which conviction was vacated.

Which conviction to vacate, therefore, is a question of state law. And because the Legislature has not enacted a statute addressing this situation,[5] we must fashion a judicial rule for that purpose. We have already fashioned a judicial rule in the misjoinder context. *See Ex Parte Pena*, 820 S.W.2d 806 (Tex.Crim.App.1991)(plurality opinion); *see also Ex Parte Drake*, 883 S.W.2d 213, 216 (Tex.Crim.App.1994)(citing *Pena* with approval). *Pena* held that, when a defendant is convicted of two or more offenses that were misjoined, the remedy is to retain the most serious offense and vacate the remaining offenses. 820 S.W.2d at 809. The most serious offense is determined by the degree of the felony, the range of punishment and the sentence imposed, with rules of parole eligibility and good conduct time as a tie-breaker.

---

2. The State did not file a cross-petition concerning the Court of Appeals double jeopardy holding, and in fact, the State conceded the double jeopardy violation during oral argument.

3. By the "same" for double jeopardy purposes, we mean, for the purpose of this opinion, that the offenses are the "same" under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and that the legislative history does not show an intent to impose cumulative punishments. *See Ball*, 470 U.S. at 861–864, 105 S.Ct. at 1671–1673.

4. The defendant was sentenced to three years imprisonment on the receipt count and two years probation on the possession count. *Ball*, 470 U.S. at 858, 105 S.Ct. at 1669–1670.

5. Tex.Code of Crim. Proc., Arts. 37.08 and 37.14 address the relationship between a prosecuted greater offense, lesser offenses, and the jury's verdict. But these statutes apply only when the greater offense is the only indicted offense in the case, and hence, the lesser offenses are unindicted and can be only submitted as alternatives to the greater offense. *See* Art. 37.08 ("In a *prosecution for an offense* with lesser included offenses")(emphasis added); Art. 37.14 ("If a defendant, *prosecuted for an offense* which includes within it lesser offenses")(emphasis added). In the present case appellant was indicted, and hence prosecuted, for both offenses and they could, therefore, be submitted as separate counts, not subject to the rule of acquittal encompassed in those statutes.

*Id.* We set out four reasons justifying our judicially-made rule:

First, it will be applicable to all ·cases where there is misjoinder of offenses.

Second, it does not attempt to make arbitrary distinctions based on which allegation or conviction preceded the· others. The outcome of a case will not depend on the coincidence of the order of offenses in an indictment or jury charge.

Third, it assumes that if the State had been made to elect an offense, it would have chosen the most serious one. This will be true in a majority of the cases. It cannot be said that the State would usually pick the first offense.

Last, it is the most consistent with the objective of the Penal Code "to insure the public safety through: (A) the deterrent influence of the penalties hereinafter provided." V.T.C.A. Penal Code, sec. 1.02. *Id.* (*quoting Callins v. State*, 780 S.W.2d at 176, 197–198 (Tex.Crim.App.1986)(Miller, J. concurring)). A reading of these reasons shows that they were not based upon the language or legislative history of the misjoinder statute but were simply policy reasons tailored to fit the misjoinder situation. A resort to such policy reasons is even more appropriate in the present context, where there is no legislative intent to divine.

 We find that the kinds of policy reasons announced above favor adoption of what we will call the "most serious punishment" test. That test requires retaining the offense with the most serious punishment and vacating any remaining offenses that are the "same" for double jeopardy purposes. The "most serious punishment" is the longest sentence imposed, with rules of parole eligibility and good time serving as a tie-breaker.

The "most serious punishment" test satisfies the first policy reason because it will apply to all cases in which a double jeopardy violation arises from the prosecution and conviction, in a single criminal action, of two or more offenses that constitute the same offense.

The test satisfies the second policy reason because it eliminates the arbitrariness of relying upon how a statute is structured .(i.e. the number of elements, or a logical relationship between broader and narrower elements) to determine ·"greater" ·and "lesser" offenses when that structure has no necessary relationship to the seriousness of the offense. To use the *Blockburger* test to characterize some offenses as "greater" and others as "lesser" is in many respects artificial. Such analysis works for double jeopardy purposes because the object of a double jeopardy analysis. is to determine whether the offenses are the "same," not to sort out which offense is "greater" and which is "lesser." The *Blockburger* test is not suited for the latter inquiry because having more elements or being the broader offense does not necessarily mean that the offense is the more serious one. The present case is a good example of that situation. A couple of other obvious examples exist under older versions of the penal code. In 1993, voluntary manslaughter and second degree aggravated kidnapping contained more elements than their respective "greater" offenses, murder and first degree aggravated kidnapping. *Compare* Tex. Pen.Code §§ 19.02 and 19.04 (1993), and *see* Tex. Pen.Code § 20.04(b)(1993).

The third· reason applies somewhat differently to the double jeopardy context than the misjoinder context and explains the difference in the judicially-made rules. In the misjoinder context, we fashioned a rule designed to best ascertain what offense the State would have elected to proceed on at trial. We did so because, in the misjoinder context, the State is not permitted to prosecute both offenses at the same time. Hence, our evaluation, in the misjoinder context, is a prospective evaluation of the seriousness of the offense, with the sentence coming into play only when the range of punishment and the degree of offense are the same.[6] In the type of double jeopardy context before us, however, the State is permitted to prosecute

**6.** We note that the most serious offense test for misjoinder, due to its primarily prospective nature, logically requires that the degree of the offense and the range of punishment be com-

pared between the *indicted* offenses rather than any unindicted lesser offenses for which a verdict happened to be returned at trial.

both offenses and submit both offenses to the jury for consideration. Because pursuing both offenses is proper in this context, the State should have the benefit of the most serious punishment obtained.

Finally, upholding the most serious punishment would also be consistent with the Penal Code's objective of insuring public safety through "the deterrent influence of the penalties" provided.

Application of the most serious punishment test shows that the Court of Appeals correctly decided which conviction to dismiss. The UUMV conviction carries a 62 year sentence while the theft conviction carried a sentence of only 9 months.

The judgment of the Court of Appeals is affirmed.

OVERSTREET, J., filed a dissenting opinion, in which BAIRD and MEYERS, JJ., joined.

### OVERSTREET, Judge, dissenting.

Appellant was initially charged by indictment with unauthorized use of a motor vehicle, to-wit a truck, alleged to have occurred on or about June 27, 1994. Subsequently, he was re-indicted and charged in a single two-count indictment with the same unauthorized use of a truck, and theft of property, to-wit one truck, of the value of $750 or more but less than $20,000. Both counts alleged the same owner and the same occurrence date, i.e. on or about June 27, 1994. Habitual allegations were included in both the original and the reindictment.

Upon a trial by jury, appellant was found guilty of count two, the unauthorized use of a motor vehicle (UUMV), and guilty of the lesser included offense of theft of property of the value of $200 or more but less than $750. The jury assessed punishment at 62 years confinement in the Institutional Division of the Texas Department of Criminal Justice for the UUMV, and 9 months confinement in the county jail for the misdemeanor lesser included theft.

The Second Court of Appeals, after sua sponte asking the parties to brief the issue, held that a double jeopardy violation had occurred since unauthorized use of a motor vehicle was a lesser included offense of theft. *Landers v. State*, No. 2–95–171–CR (Tex. App.—Fort Worth, delivered August 29, 1996, slip op. at 4). It then reformed the judgment to dismiss appellant's conviction and sentence for theft. *Id.* at 5. After subsequently overruling appellant's two points of error, the court of appeals then affirmed the UUMV conviction and sentence. *Id.* at 5–11. We granted appellant's sole question for review which questions the propriety of the court of appeals dismissing the greater offense, theft, and leaving intact the conviction for the lesser included offense, UUMV. Because the majority approves such disposition, I respectfully dissent.

### I.

### SUMMARY OF PERTINENT FACTS

The record reflects that appellant was convicted of stealing his employer's truck and using it without his consent during June of 1994. The complainant, appellant's employer, testified that the truck had been provided to appellant for work related purposes only, and that the last time he saw appellant with it was June 23, 1994; whereafter appellant disappeared with the truck. The complainant testified that in July he received a letter from an auto impound in Lewisville, whereupon he went and retrieved the truck. A police officer indicated that it had been towed from an apartment complex in Coppell as an abandoned vehicle.

Appellant did testify at punishment that "a total misunderstanding has happened here" between him and the complainant, and that he actually returned possession of the truck to the complainant in Coppell. Appellant insisted that he had "absolutely no criminal intent whatsoever" against the complainant and had the complainant's full consent and full trust to use the truck, even on personal time. He noted that he had total access to the complainant's home and many of his properties, including money, jewelry, and other vehicles, including the keys to a Mercedes Benz. Appellant added that the complainant put the charges against him "out of retaliation for another dispute" they had , specifically about the way the complainant

cared for his properties and showed neglect for his tenants.

## II.

### COURT OF APPEALS HOLDING

The court of appeals, after sua sponte asking the parties to brief the issue, held that a double jeopardy violation had occurred since unauthorized use of a motor vehicle was a lesser included offense of theft. *Landers v. State, supra.* Upon determining such a double jeopardy violation had occurred, the court concluded that dismissing the theft conviction was the appropriate remedy. It relied primarily on the analysis of *Ex parte Pena*, 820 S.W.2d 806 (Tex.Cr.App.1991)(plurality opinion), and *Hoffman v. State*, 877 S.W.2d 501 (Tex.App.—Fort Worth 1994, no pet.).

Based upon its interpretation of *Pena*, the court of appeals noted the five predominant methods used to determine which conviction to uphold. These were: (1) choose the offense the defendant was convicted of first, (2) choose the conviction that has the lowest number on the charging instrument, (3) choose the offense that was alleged first in the indictment, (4) choose the conviction that has the greatest evidentiary support, and (5) choose the conviction for the most serious offense. *Landers v. State, supra,* slip op. at 4. After analyzing via those methods, the court of appeals concluded that because appellant was first indicted for UUMV, and because the State presumably would have chosen the most serious offense had it been given the opportunity to choose, it was appropriate to uphold the UUMV conviction and dismiss the conviction and sentence for theft. *Id.,* at 4–5.

## III.

### APPELLANT'S CLAIM

Appellant contends that when a defendant is convicted of both the greater and lesser included offenses in a single trial, the appellate court lacks the discretion to dismiss the greater offense and leave intact the lesser included conviction. He asserts that *Hoffman* was wrongly decided and has never been examined by a higher court. He points

out that *Hoffman* applied the legal principles developed in *Pena*, a misjoinder case, to a double jeopardy situation. Appellant contends that misjoinder and double jeopardy are distinct legal principles and it was inappropriate to mix the concepts in this double jeopardy situation.

Appellant also points out that Texas has a lesser included offense statute, Article 37.08, V.A.C.C.P., which states, "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." He suggests that it follows from such language that a jury may *not* find a person *not guilty* of the lesser, but yet guilty of the greater. He avers that the court of appeals has effectively done just that in dismissing the greater offense, theft, and upholding the lesser included offense, UUMV. (Appellant's brief, pp. 4–5) He insists that such illogically allows the part (the lesser included UUMV) to override the whole (the greater theft).

Appellant offers the reasoning of the Special Court of Appeals of Maryland, which stated, "When a merger is necessitated, the 'lesser' crime is merged into the 'greater' and the judgment of conviction and the sentence on the lesser offense are vacated." *Slye v. State*, 42 Md.App. 520, 401 A.2d 195, 199 (1979). The same court also noted, "The greater offense, therefore, is not necessarily the offense for which the greater penalty is provided; it is the offense with the additional element or elements...." *Lancaster v. State*, 86 Md.App. 74, 585 A.2d 274, 277 (1991). This definition is consistent with Article 37.09, V.A.C.C.P., which includes in its definition of a lesser included offense, one that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]"

Appellant proposes that the greater offense, the theft charge, should have been kept intact and the lesser included offense of UUMV should have been dismissed.

## IV.

### STATE'S CLAIM

Citing *Jones v. Thomas*, 491 U.S. 376, 387, 109 S.Ct. 2522, 2529, 105 L.Ed.2d 322, 335

(1989), the State insists that the Double Jeopardy Clause does not exist to provide unjustified windfalls; and that appellant is seeking such an unjustified windfall. It maintains that dismissal of any one of the convictions, lesser or greater, is all that is required to guarantee the protections afforded under the Double Jeopardy Clause. It also states that while misjoinder and double jeopardy are distinct legal concepts, they serve to protect similar interests, thus remedies available under the caselaw on misjoinder are appropriately utilized in double jeopardy situations.

The State insists that the most serious offense, i.e. the one for which the greatest punishment was assessed, should stand. At oral argument, it acknowledged that "the punishment applicable to the offense does not have an effect in determining which is the greater offense relative to which is the lesser offense." At oral argument it also acknowledged that there was no direct description of legislative intent regarding the offenses of theft and UUMV, but it contended that public policy favors what the court of appeals did; specifically noting V.T.C.A. Penal Code, § 1.02 which states an objective of the Code is to insure the public safety through the deterrent influence of the penalties provided and such punishment as may be necessary to prevent likely recurrence of criminal behavior, and to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among different offenders. The State also noted appellant pleading true to the habitual offender allegations, including a prior UUMV, and that the legislative intent of the habitual offender statute shows that the more appropriate sentence in this case is the 62 years assessed for UUMV.

## V.

### ANALYSIS

As noted above, Art. 37.09 includes in its definition of a lesser included offense, one that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" And it is very well-settled that UUMV is a lesser included offense of theft. *Neely v. State*, 571 S.W.2d 926, 928 (Tex.Cr.App.1978). In a similar case involving a stolen pickup truck, this Court specifically held the defendant "could not rightfully be convicted for both the theft and the unauthorized use of [the complainant's] pickup truck." *Ex parte Jefferson*, 681 S.W.2d 33, 34 (Tex.Cr.App. 1984). And at oral argument before this Court, the State explicitly declared that it was in total agreement with appellant as to several issues. Specifically, the prosecutor said,

> We totally agree that on these facts, unauthorized use of a motor vehicle is the lesser included offense of theft. And we also agree that the punishment applicable to the offense does not have an effect in determining which is the greater offense relative to which is the lesser offense. We also agree that the appellant's double jeopardy rights were violated. And we agree that the court of appeals has vacated the judgment of conviction and the sentence of the greater offense of theft.

Thus, the sole issue before this Court is the proper remedy for the double jeopardy violation.

The Fifth Amendment of the United States Constitution provides, "nor shall any person be subject for the same offence [sic] to be twice put in jeopardy of life or limb[.]" U.S. Const., amend. V. This Double Jeopardy Clause protects against second prosecutions for the same offense after conviction and after acquittal, and against multiple punishments for the same offense. *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex.Cr.App.1990). In the instant cause, because both the UUMV and theft offenses were tried in a single trial, the double jeopardy protection is against multiple punishments for the same offense. And as stated above, the sole issue before this Court is the proper remedy for the agreed double jeopardy violation. Since appellant "could not rightfully be convicted for both the theft and the unauthorized use" offenses, the question is which one of the two is to be upheld.

The crux of appellant's argument is that the greater offense, theft, encompasses and

subsumes the lesser included offense, UUMV, and that it is improper to dismiss the jury's finding of guilt of the greater offense, theft, and yet uphold the lesser, UUMV. The State insists that upholding the greater offense, theft, would provide appellant with an unjustified windfall, since in this case he received a significantly lesser sentence for that "greater" misdemeanor offense; thus the most serious offense with the greatest punishment, regardless of whether it is "greater" or "lesser included," should stand.

The court of appeals resolved the dispute by utilizing factors from a misjoinder case, *Ex parte Pena*, 820 S.W.2d 806, 808 (Tex.Cr.App.1991)(plurality opinion), which it had also previously used in another double jeopardy case, *Hoffman v. State*, 877 S.W.2d 501, 502 (Tex.App.—Fort Worth 1994, no pet.). *Pena* was a misjoinder case, which involved conviction and sentencing for three felonies which had been improperly joined in a single indictment rather than any double jeopardy violation. Ex Parte *Pena*, 820 S.W.2d at 807.

In *Pena*, we concluded that in such misjoinder situations, the appropriate relief was to affirm the most serious offense and vacate the others, thus adopting the "most serious offense" test in determining which conviction to uphold. *Id.* at 808–10. That "most serious offense" test arose from Judge Miller's concurring opinion in *Callins v. State*, 780 S.W.2d 176, 197 (Tex.Cr.App.1986, *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3256, 111 L.Ed.2d 766 (1990). However, in his concurring and dissenting opinion in *Pena*, Judge Campbell noted "this strange 'most serious offense' rule" and observed that oftentimes there will be no reliable method for determining which offense is "most serious." *Ex parte Pena*, 820 S.W.2d at 810 (Campbell, J., concurring and dissenting). He specifically pointed out that there is no reliable way to determine in every case which offense is truly "most serious" and that basing such a determination upon the sentence imposed is questionable because there is no way to really know why a particular sentence was imposed. *Id.*

*Hoffman*, which the court of appeals also relied upon, involved a situation similar to the instant case, with Hoffman having been allowed to start a car at a car lot to listen to the engine, but instead driving it off the lot without permission. *Hoffman v. State*, 877 S.W.2d at 501. Hoffman was charged with and tried for felony theft and UUMV, but the jury found him guilty of UUMV and misdemeanor theft, finding the value of the car $200 or more but less than $750. *Id.* The court of appeals, acknowledging the same double jeopardy violation as in the instant case, and likewise analyzing *Pena* factors, adopted the "most serious offense" method and upheld the UUMV conviction and sentence while dismissing the misdemeanor theft conviction. *Id.* at 502.

*Ex parte Jefferson*, 681 S.W.2d at 33, involved a defendant convicted of theft of a pickup truck following prosecution for unauthorized use of that same vehicle. The remedy for that double jeopardy violation was to set aside the theft conviction, which was the greater offense. *Id.* at 34. However, in that case the two offenses had been tried separately, and the theft was the second one tried and was the subject of the habeas corpus application. *Id.* at 33–34.

This court has not spoken directly on the appropriate remedy for the specific double jeopardy violation of multiple punishments for a single offense as presented in this case with greater and lesser included offenses. The State urges that in the absence of guidance from this Court we use the tests adopted in *Pena* (misjoinder) and applied in *Hoffman* (double jeopardy).

As noted above, the law that was adopted in *Pena* derives from Judge Miller's concurrence in *Callins* which is quite specific as to the issue of joinder. Judge Miller stated, "The rule then should be that in the absence of harm that vitiates all convictions obtained from one indictment when a defendant is charged with and convicted of more than one offense in violation of Art. 21.24, V.A.C.C.P., [footnote omitted] the appellate court will affirm the most serious offense (as determined by the sentence and other relevant factors) and dismiss the other convictions." *Callins v. State*, 780 S.W.2d at 198 (Miller, J.,

concurring). However, Article 21.24 specifically deals with joinder of offenses and makes no reference to double jeopardy or lesser included offenses, which are covered in other parts of the Code of Criminal Procedure, e.g. Articles 1.10 and 1.11, V.A.C.C.P. (as to double jeopardy), and Articles 37.08 and 37.09, V.A.C.C.P. (as to lesser included offenses).

As discussed above, in *Pena,* a plurality of this Court determined that it was appropriate to adopt and apply the "most serious offense" test developed in *Callins,* directly quoting Judge Miller's reasons for advocating the test. *Ex parte Pena,* 820 S.W.2d at 808–09. And in *Hoffman,* in reaching the decision to uphold the UUMV conviction and dismissing the theft conviction, the court of appeals stated, "Because the State was entitled to choose which offense to prosecute, since Hoffman's conduct supported prosecution under more than one statute, [citation omitted], and because the State presumably would have chosen the most serious offense had it been given an opportunity to choose, [citing *Pena* ], we adopt the 'most serious offense' method." *Hoffman v. State,* 877 S.W.2d at 502.

However, in this case we really do not know which offense the State would have chosen to prosecute. The initial indictment only charged appellant with unauthorized use of a motor vehicle. However, the State then chose to reindict him and add the felony theft charge in addition to UUMV, so apparently it intended to prosecute both. At oral argument, the prosecutor indicated that he was unaware of any explanation for the reindictment. Both of these charges were third degree felonies at the time and would have resulted in equally enhanced sentences as a result of the habitual allegations. Only after the presentation of evidence did the jury determine the truck to be valued at $200 or more but less than $750.

Since both offenses were third degree felonies, equally enhanceable, neither would have been more serious based upon exposure to potential punishment. Indeed as noted in Judge Campbell's concurring and dissenting opinion in *Pena,* the validity of the "most serious offense" rule is questionable, as a

prosecutor's choice amongst offenses may have been based on other factors, such as the strength of available evidence, rather than the severity of the possible punishment. *Ex parte Pena,* 820 S.W.2d at 810 (Campbell, J., concurring and dissenting).

It is clear that the instant case does not involve an issue of misjoinder which, as discussed above, is the context in which the "most serious offense" test developed. Furthermore, the Second Court of Appeals, a year after its *Hoffman* opinion, in reviewing another case where the defendant was convicted for theft and unauthorized use of a motor vehicle that belonged to his employer, stated,

> The State concedes that separate convictions for theft and unauthorized use of a motor vehicle violate the double jeopardy clause. [citations omitted] ... The proper remedy under the circumstances is to reform the judgment to dismiss [the defendant]'s conviction for the lesser included offense.

*Johnson v. State,* 903 S.W.2d 496, 499 (Tex. App.—Fort Worth 1995, no pet.) Although upholding the conviction for theft (the greater offense) and dismissing the UUMV conviction (the lesser included offense) was the exact opposite of what it did in *Hoffman,* the court of appeals gave no reason for its new interpretation of the law. It even cited *Hoffman,* but provided no explanation for its different treatment of the greater and lesser included offenses. It is clearly this type of inconsistency and variability in the application of relevant law that this Court should seek to prevent.

It is not necessary for the lower courts to mix apples and oranges in their analyses. The concepts of misjoinder and multiple punishments double jeopardy violations are distinct legal concepts deserving of distinct legal remedies. Double jeopardy is a constitutional protection of our Bill of Rights, while misjoinder protections are purely statutory. The protections provided by the Double Jeopardy Clause of the United States Constitution serve to protect the rights of the accused. They are not to be minimized to an arbitrary after-the-fact guessing game of what the prosecutor might or might not have

done, thereby shifting the focus of protection from the accused to the prosecution. And now this Court creates a new "most serious punishment" test, complete with "a tie-breaker." *Landers v. State,* 957 S.W.2d 558, 560 (Tex.Cr.App.1997). The majority even claims that this new test will eliminate the arbitrariness of relying upon classifying offenses as "greater" and "lesser." Yet such classifications are quite consistent and contingent upon the specific statutory elements; while punishments are subject to the vagaries of our very broad sentencing ranges.

The jury found appellant guilty of the greater offense of theft. Once convicted of that greater offense, the lesser included offense of UUMV was simply no longer available. Accordingly, this Court should reverse the judgment of the court of appeals, reinstate appellant's greater theft conviction and sentence, and reverse his lesser UUMV conviction. Because the majority does not, I respectfully dissent.

BAIRD and MEYERS, JJ., join.