

## NUMBER 13-05-00397-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**HUMBERTO GARZA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant Humberto Garza was indicted for two counts of capital murder. *See* TEX. PENAL CODE ANN. §§ 19.02(b) (Vernon 2003), 19.03(a)(2) (Vernon Supp. 2007). In March 2005, a jury convicted Garza of the lesser-included offense of murder in Count One and assessed a life sentence. The jury also convicted Garza of capital murder in Count Two,

and based on the jury's answers to special issues set forth in the code of criminal procedure, the trial court sentenced Garza to death for Count Two. *See* TEX. CODE CRIM. PROC. ANN. art. 37.071 (Vernon 2006). Garza's conviction for Count One was appealed to this Court.

Garza's sentence for his conviction of Count Two was directly appealed to the court of criminal appeals.[1] *Id*. art. 37.071, § 2(h) (Vernon 2006). In his direct appeal to the court of criminal appeals, Garza raised thirty-three points of error, including a contention that the trial court violated the federal and state constitutional protections against double-jeopardy by subjecting him to multiple prosecutions and multiple punishments for the same offense. *Garza v. State*, No. AP-75,217, 2008 Tex. Crim. App. Unpub. LEXIS 340, at *1-4 (Tex. Crim. App. Apr. 30, 2008). The Texas Court of Criminal Appeals sustained Garza's double-jeopardy point of error and held that "[i]t is clearly apparent from the face of the record that appellant was subjected to multiple punishments for the same offense in violation of the federal and state constitutional protections against double-jeopardy." *Id*. at *11. Additionally, the court of criminal appeals instructed us to consider reversing Garza's murder conviction for Count One. *Id*. at *11 n.21.

When a defendant's double jeopardy rights are violated, the remedy is to vacate one of the convictions. *Ball v. United States*, 470 U.S. 856, 864-65 (1985); *Landers v. State*, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997). The court of criminal appeals retained "the most serious offense" and affirmed the trial court's judgment and sentence of death in

---

[1] This Court abated Garza's appeal of his conviction for Count One until the court of criminal appeals decided his appeal for the Count Two conviction.

Count Two.  Because of the court of criminal appeals' holding and the sentence in Count Two, we hereby reverse and render an acquittal in Count One.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 28th day of August, 2008.