NUMBER 13-05-00397-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

HUMBERTO GARZA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 370th District Court


of Hidalgo County, Texas.


 

 

MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 


 Appellant Humberto Garza was indicted for two counts of capital murder. See Tex.
Penal Code Ann. §§ 19.02(b) (Vernon 2003), 19.03(a)(2) (Vernon Supp. 2007). In March
2005, a jury convicted Garza of the lesser-included offense of murder in Count One and
assessed a life sentence. The jury also convicted Garza of capital murder in Count Two,
and based on the jury's answers to special issues set forth in the code of criminal
procedure, the trial court sentenced Garza to death for Count Two. See Tex. Code Crim.
Proc. Ann. art. 37.071 (Vernon 2006). Garza's conviction for Count One was appealed
to this Court. 

 Garza's sentence for his conviction of Count Two was directly appealed to the court
of criminal appeals. (1) Id. art. 37.071, § 2(h) (Vernon 2006). In his direct appeal to the court
of criminal appeals, Garza raised thirty-three points of error, including a contention that the
trial court violated the federal and state constitutional protections against double-jeopardy
by subjecting him to multiple prosecutions and multiple punishments for the same offense. 
Garza v. State, No. AP-75,217, 2008 Tex. Crim. App. Unpub. LEXIS 340, at *1-4 (Tex.
Crim. App. Apr. 30, 2008). The Texas Court of Criminal Appeals sustained Garza's
double-jeopardy point of error and held that "[i]t is clearly apparent from the face of the
record that appellant was subjected to multiple punishments for the same offense in
violation of the federal and state constitutional protections against double-jeopardy." Id.
at *11. Additionally, the court of criminal appeals instructed us to consider reversing
Garza's murder conviction for Count One. Id. at *11 n.21. 

 When a defendant's double jeopardy rights are violated, the remedy is to vacate one
of the convictions. Ball v. United States, 470 U.S. 856, 864-65 (1985); Landers v. State,
957 S.W.2d 558, 559 (Tex. Crim. App. 1997). The court of criminal appeals retained "the
most serious offense" and affirmed the trial court's judgment and sentence of death in


Count Two. Because of the court of criminal appeals' holding and the sentence in Count
Two, we hereby reverse and render an acquittal in Count One.



 ____________________ 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 28th day of August, 2008. 
1. This Court abated Garza's appeal of his conviction for Count One until the court of criminal appeals
decided his appeal for the Count Two conviction.