

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,266

### EX PARTE FERNANDO PADILLA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR32029 IN THE 385TH CRIMINAL DISTRICT COURT
### FROM MIDLAND COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of aggravated assault with a deadly weapon and sentenced to ten years' imprisonment, and one count of burglary of a habitation, and sentenced to fifteen years' imprisonment. The Eleventh Court of Appeals affirmed his convictions. *Padilla v. State*, 254 S.W.3d 585 (Tex. App.–Eastland 2008, *pet. ref'd*).

Applicant contends that his convictions violate the Double Jeopardy Clause of the United

States Constitution. The indictment in this case alleges that Applicant committed burglary of a habitation by entering the habitation of the victim without consent "...and therein attempted to commit and committed the felony offense of aggravated assault." He was found guilty of both burglary of a habitation and aggravated assault. "A defendant may not be punished for both the underlying felony and burglary if the burglary allegation is that the defendant entered a home without the consent of the owner and then committed the underlying felony within the home as defined in § 30.02(a)(3)." *Langs v. State*, 183 S.W.3d 680, 686 (Tex. Crim. App. 2006). Applicant is entitled to relief.

The trial court recommends setting aside the burglary conviction because the aggravated assault conviction contains an affirmative finding of a deadly weapon. However, our case law holds that the greater conviction must be kept, and the greater conviction is the one with the longer sentence. *Landers v. State,* 957 S.W.2d 558, 560 (Tex. Crim. App. 1997); *Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006). Applicant was sentenced to fifteen years' imprisonment for the burglary and ten years' imprisonment for the aggravated assault with a deadly weapon. The burglary conviction is therefore the greater offense and should be retained.

Relief is granted. The judgment for aggravated assault with a deadly weapon in count one of Cause No. CR32029 in the 385th Judicial District Court of Midland County is vacated and set aside. All challenges to the judgment for burglary of a habitation in count three are denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Parole Division.

Delivered: December 16, 2009
Do Not Publish