IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,266




EX PARTE FERNANDO PADILLA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR32029 IN THE 385TH CRIMINAL DISTRICT COURT 
                                            FROM MIDLAND COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated assault with a deadly weapon and sentenced to ten years’ imprisonment, and one count
of burglary of a habitation, and sentenced to fifteen years’ imprisonment. The Eleventh Court of
Appeals affirmed his convictions. Padilla v. State, 254 S.W.3d 585 (Tex. App.–Eastland 2008, pet.
ref’d).  
            Applicant contends that his convictions violate the Double Jeopardy Clause of the United
States Constitution. The indictment in this case alleges that Applicant committed burglary of a
habitation by entering the habitation of the victim without consent “...and therein attempted to
commit and committed the felony offense of aggravated assault.” He was found guilty of both
burglary of a habitation and aggravated assault. “A defendant may not be punished for both the
underlying felony and burglary if the burglary allegation is that the defendant entered a home without
the consent of the owner and then committed the underlying felony within the home as defined in
§ 30.02(a)(3).” Langs v. State, 183 S.W.3d 680, 686 (Tex. Crim. App. 2006). Applicant is entitled
to relief.
            The trial court recommends setting aside the burglary conviction because the aggravated
assault conviction contains an affirmative finding of a deadly weapon. However, our case law holds
that the greater conviction must be kept, and the greater conviction is the one with the longer
sentence. Landers v. State, 957 S.W.2d 558, 560 (Tex. Crim. App. 1997); Ex parte Cavazos, 203
S.W.3d 333 (Tex. Crim. App. 2006). Applicant was sentenced to fifteen years’ imprisonment for
the burglary and ten years’ imprisonment for the aggravated assault with a deadly weapon. The
burglary conviction is therefore the greater offense and should be retained.
            Relief is granted. The judgment for aggravated assault with a deadly weapon in count one
of Cause No. CR32029 in the 385th Judicial District Court of Midland County is vacated and set
aside. All challenges to the judgment for burglary of a habitation in count three are denied. 
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Parole Division.
 
Delivered: December 16, 2009
Do Not Publish