IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,282






EX PARTE CARLOS HIRACHETA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 2000-006B FROM THE 


274TH DISTRICT COURT OF CALDWELL COUNTY



 

 Per curiam.


OPINION


 This is a post-conviction application for a writ of habeas corpus transmitted to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. (1) On May 2, 2001, after entering a plea
of guilty to both allegations contained in the indictment, the applicant was convicted of one
count of intoxication manslaughter and one count of aggravated assault stemming from an
incident that took place in August of 1999. The applicant was sentenced to fifteen years'
imprisonment for intoxication manslaughter ("count one") and to ten years' imprisonment
for aggravated assault ("count two"). The latter sentence, however, was suspended, and the
applicant was placed on community supervision for ten years. The Third Court of Appeals
affirmed the applicant's conviction. (2)

 On November 19, 2007, the applicant filed an application for writ of habeas corpus
claiming, among other things, (1) that the trial court should have sua sponte withdrawn the
applicant's plea of guilty regarding one of the offenses, where both offenses were based on
the same conduct, and (2) that he was denied a fair and impartial jury determination of
punishment due to the trial court's instruction to the jury that it should assess punishment on
both counts.

 In September of 2008, this Court ordered the trial court to make findings of fact and
conclusions of law relevant to the applicant's contentions. In January of 2009, the trial court
found that there had been a double jeopardy violation and that the appropriate remedy for
such violation was to vacate one of the convictions. (3) The trial court further concluded that,
under Texas law, courts retain the conviction with the "most serious punishment" and vacate
all other convictions that are the "same" for purposes of double-jeopardy. (4) In November of
2009, the trial court supplemented its findings and recommended that, because count one
resulted in the more serious punishment, it should be affirmed. The court then recommended
that this Court vacate count two on double-jeopardy grounds. 

 A writ application under Article 11.07 of the Texas Code of Criminal Procedure may
only be used to challenge a final conviction. (5) Count one of this cause number is final, but
count two is not. (6) An applicant must file an application for writ of habeas corpus under
Texas Code of Criminal Procedure 11.072 in the trial court in which community supervision
was imposed in order to attack a judgment of conviction ordering community supervision. (7) 
 We therefore deny relief on the grounds that attack the conviction for count one and
dismiss, without prejudice, the grounds attacking the conviction for count two.

 

Delivered: March 31, 2010

Publish
1. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).
2. Hiracheta v. State, No. 03-05-00322-CR (Tex. App--Austin, delivered October 24, 2006,
pet. ref'd.).
3. Ball v. United States, 470 U.S. 856, 864 (1985); Landers v. State, 957 S.W.2d 558, 559
(Tex. Crim. App. 1997). 
4. Landers, 957 S.W.2d at 560.
5. Ex parte Renier, 734 S.W.2d 349 (Tex. Crim. App. 1987) (dismissing an application
regarding community supervision brought under art. 11.07 for failing to comply with jurisdictional
requisites to granting relief, that is, "a final felony conviction"). 
6. See Ex parte Miller, 552 S.W.2d 164, 165 (Tex. Crim. App. 1977) (explaining that
community supervision continues to run until a revocation order is entered and becomes final, either
because it was affirmed on appeal or because it was not appealed).
7. Tex. Code Crim. Proc. art. 11.072 §2(b)(1).