



# MEMORANDUM OPINION

No. 04-11-00162-CR

Samuel **CASTILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR8639
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  December 7, 2011

AFFIRMED IN PART, REVERSED AND RENDERED IN PART

A jury found appellant, Samuel Castillo, guilty of one count of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact. The jury assessed as punishment concurrent terms of ten years' confinement for each count, probated for a period of ten years. We affirm in part and reverse and render an acquittal in part.

## BACKGROUND

On May 31, 2004, a minor, A.B., spent the night at the home of her godparents—appellant and his wife. A.B. testified that she slept in a bedroom by herself, but that at some point during the night appellant entered her room, sat on the bed, and started touching her. She testified that appellant touched her breasts and buttocks and that he put his finger inside of her while she pretended to be asleep. A.B. explained that her father picked her up the next day, but she did not tell anyone what happened until several days later when she spoke on the phone to her mother, Teresa Cervantes. Cervantes lived out of state. Cervantes informed A.B.'s father about what A.B. had told her, and he called the police. A.B. gave a statement to police and went to the hospital for a sexual assault exam. The nurse examiner who performed the physical exam testified at trial that she found trauma inside A.B.'s sexual organ, which consisted of redness and tenderness. A.B. was twelve years old when the incident occurred, but was nineteen at trial.

## DOUBLE JEOPARDY

In his first issue on appeal, appellant claims he was twice convicted for a single offense in violation of his constitutional right against double jeopardy. The court charged the jury in accordance with the allegations in the indictment: Count I alleged that on or about May 31, 2004, appellant committed aggravated sexual assault of a child by causing the penetration of A.B.'s sexual organ by his finger; Count II alleged that on or about the same date appellant committed indecency with a child by engaging in sexual contact by touching the genitals of A.B.[1]

Appellant claims the State brought evidence only of a single event, the contact inside A.B.'s genital area, as support for both counts. Appellant argues that indecency with a child by contact with the genitals is a lesser-included offense of aggravated sexual assault of a child by

---

[1] Appellant does not assert the final count in the indictment (Count III), an additional charge of indecency with a child, violated his right against double jeopardy. Count III related to touching A.B.'s breast.

penetration of the sexual organ. Thus, appellant argues this single act could not have been the basis for a conviction on the first two counts charged. As a result, appellant contends that his conviction for both of these offenses violates his right to be free from double jeopardy for the same offense. The State concedes that appellant was punished twice for the same criminal conduct in violation of double jeopardy. We agree. The evidence presented to the jury indicates the first two counts in the indictment arose from a single incident. Thus, we must determine which conviction to sustain and which to vacate.

When a defendant is convicted of two offenses that are the same for double jeopardy purposes, the "most serious offense" principle is utilized to determine which act should be sustained and which act is to be vacated. "[T]he 'most serious' offense is determined by the degree of the felony, range of punishment and sentence imposed, with rules of parole eligibility and good-conduct time as a tie-breaker." *Ex Parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (citing *Landers v. State*, 957 S.W.2d 558, 559–60 (Tex. Crim. App. 1997)). Here, the degree of the felony controls in determining which offense is the most serious because the sentence imposed was the same for each conviction. *See id.* As a result, we set aside appellant's conviction and sentence as to Count II, and we affirm the conviction and sentence as to Count I because aggravated sexual assault is a first degree felony and indecency with a child is a second degree felony. The jury's findings as to Count III are undisturbed.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue on appeal, appellant contends he received ineffective assistance of counsel for a number of reasons. To prevail on this complaint, appellant had the burden to prove by a preponderance of the evidence that: (1) counsel's performance was deficient, *i.e.,* his assistance fell below an objective standard of reasonableness; and (2) appellant was prejudiced,

*i.e.,* a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The failure to satisfy one prong of this test negates a court's need to consider the other prong. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* Generally, the trial record will not suffice to establish an ineffective assistance of counsel claim. *Id.* at 813–14. Here, however, we have the record from the new trial hearing containing appellant's counsel's testimony.

## A. Double Jeopardy

Appellant first asserts that his trial counsel was ineffective because he failed to prevent his conviction on Count II in violation of double jeopardy. Appellant claims this failure is unreasonable on its face and that a proper jury charge and instruction would have prevented both convictions. However, we decline to review this on appeal because we have already reformed the judgment to set aside the conviction for the lesser offense. *Ezell v. State*, No. 04-06-00198-CR, 2007 WL 2778919, at *5 n.2 (Tex. App.—San Antonio Sept. 26, 2007, no pet.).

## B. Lack of 38.072 Hearing

Appellant next contends he received ineffective assistance of counsel because his trial counsel failed to request a hearing under article 38.072 of the Texas Code of Criminal Procedure.

TEX. CODE CRIM. PROC. ANN. art. 38.072 (West 2005). Appellant claims the testimony by Cervantes, A.B.'s mother, is impermissible hearsay that unfairly bolstered A.B.'s testimony and that his trial counsel should have objected and requested a hearing to be held outside of the presence of the jury to determine the reliability of Cervantes' testimony.

The statement by a child-abuse victim to another person is not inadmissible hearsay if the statement describes the alleged incident and the person is at least eighteen years old and the first person whom the child told about the incident. *Id.* However, article 38.072 requires that (1) notice of the intent to offer the statement be given before trial; (2) the defendant be notified of the outcry witness's identity and a summary of the testimony; (3) the trial court find, in a hearing conducted outside of the presence of the jury, that the statement is reliable; and (4) the child testifies or be made available to testify. *Id.*

Here, the record demonstrates in the hearing on the motion for new trial that appellant's trial counsel stated he did not object to Cervantes' testimony because he wanted her to testify in order to get as much information as possible from her about A.B.'s home life and other custody issues. Trial counsel explained he was worried that if he objected she would not be as forthcoming in her testimony regarding those issues. He added that "we were trying to use that to show that this was a possible motivation for the complainant to make up these allegations." Under these circumstances, we cannot say that trial counsel's failure to object to Cervantes' testimony was not a plausible trial strategy.

## C. Bolstering Testimony

Appellant lastly argues he received ineffective assistance because his trial counsel did not object to several occurrences where the State improperly offered bolstering testimony from its witnesses concerning the truthfulness of A.B.'s allegations. As proof, appellant lists several

instances in the record including: testimony by Cervantes stating she believed A.B. when she told her what happened; testimony by the nurse examiner who performed the sexual assault examination that A.B. appeared truthful; and testimony by A.B. herself stating that her story has never changed and that she would not make up this incident.

At the hearing on the motion for new trial, appellant's counsel explained he did not object to these statements because he did not think the statements were effective in bolstering A.B.'s testimony. In reference to Cervantes, he testified he planned on later showing her statements were inconsistent and that he planned to "counter any sort of statement made by the mother." The record also reflects that counsel did not "want to raise the eye of the jury by continually objecting even though he may have had valid objections." Additionally, trial counsel did not feel that the testimony "jeopardized his case" and that some of the testimony might actually "help his client by showing inconsistencies." Accordingly, we cannot say this was an unreasonable trial strategy because it is apparent from the record that trial counsel cross-examined each witness and developed a reasonable defensive strategy to counter the claims against the appellant.

In our review, we "must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813. The "right to effective assistance of counsel merely ensures the right to reasonably effective assistance." *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). This right does not mean perfect counsel or representation without error whose competence is judged retrospectively. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). As such, we cannot say the trial counsel's overall trial strategy was unreasonable.

**CONCLUSION**

We sustain appellant's objection on appeal that his convictions on both Count I and Count II violate double jeopardy.[2]  We therefore affirm the judgment on Counts I and III, but reverse and render an acquittal on Count II.

Sandee Bryan Marion, Justice

Do not publish

---

[2] We do not address appellant's third issue which raises double jeopardy and ineffective assistance of counsel claims because it is not dispositive.  TEX. R. APP. P. 47.1.