

# NUMBER 13-12-00605-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

---

**MARIA ALMAGUER,**                                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                 **Appellee.**

---

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

---

# ORDER OF ABATEMENT

### Before Justices Garza, Benavides, and Perkes
### Order by Justice Benavides

After a jury trial, appellant, Maria Almaguer, appeals her convictions for one count of manslaughter, *see* TEX. PENAL CODE ANN. § 19.04 (West, Westlaw through 2013 3d C.S.), a second-degree felony enhanced to a first-degree felony; one count of murder, *see id.* § 19.02(b)(3) (West, Westlaw through 2013 3d C.S.), a first-degree felony; and

two counts of intentionally or knowingly causing serious injury to a child, each first-degree felonies, *see id.* § 22.04(e) (West, Westlaw through 2013 3d C.S.). All of these charges relate to the death of Almaguer's 23-month-old son, Ismael. This case was submitted to this Court on March 31, 2014. An opinion was issued on April 10, 2014, wherein we affirmed in part and reversed and remanded in part. Almaguer and the State have each filed motions for rehearing. For the reasons stated below, we abate and remand.

## I.      MULTIPLE PUNISHMENTS

Almaguer argues on appeal that her multiple convictions and punishments violate the constitutional protections against double jeopardy. *See* U.S. CONST. amend. V, XIV; TEX. CONST. art. I, § 14. This issue was raised by Almaguer's counsel during the trial court's pronouncement of sentence and was overruled by the trial court; it was raised again in a motion for new trial, which was denied by operation of law on January 3, 2013. *See* TEX. R. APP. P. 21.8(c). The State concedes Almaguer's point on appeal and agrees that only one judgment in this case can stand and the others must be vacated. Therefore, our sole inquiry in this issue is to determine which of the four judgments of conviction remains. *See* TEX. R. APP. P. 47.1.

### A.      Applicable Law

It is undisputed in this case that all of Almaguer's convictions are the "same" for purposes of double jeopardy. When a defendant is convicted of multiple offenses that are the "same" for double-jeopardy purposes, case law tells us that the conviction for the "most serious" offense is retained and the other conviction is set aside. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006).

2

*Cavazos* overruled prior case law which allowed courts to examine other factors—i.e. the degree of the felony, range of punishment, and rules governing parole eligibility and awarding of good-conduct time—as "tie breakers" in retaining the most serious offense. *See id.* at 338 (overruling *Landers v. State*, 957 S.W.2d 558, 559–60 (Tex. Crim. App. 1997) (en banc)); *see also* 41 GEORGE E. DIX & JOHN M. SCHMOLESKY, CRIMINAL PRACTICE AND PROCEDURE § 19:16 (3d ed. 2013) ("The Court . . . had second thoughts [after *Landers*] about entering the thicket of parole eligibility and awards of good time."). Under *Cavazos*, we look to one factor rather than several in determining the most serious offense—that is, the most serious offense is the offense with the greatest sentence assessed. *Id.* If the sentences are equal in terms of years, we may look to see if restitution was added to an offense, and if so, that is the most serious offense. *See id.* at 338–39.

The court of criminal appeals re-visited this issue two years later, however, in *Bigon v. State*, 252 S.W.3d 360, 372–73 (Tex. Crim. App. 2008). In *Bigon*, the defendant was convicted of multiple offenses for the same conduct, which the Court held violated the double-jeopardy provision. *Id.* at 372. The Court sought to set aside five of the defendant's six convictions under the *Cavazos* test, but the punishment assessed for each conviction was equal. *See id.* at 373. As a result, the court of criminal appeals looked to the degree of the felony for each offense to determine which was most serious. *See id.* Thus, the Court affirmed the defendant's first-degree felony murder conviction and vacated the remaining second-degree felonies. *See id.* The *Bigon* Court further reaffirmed the policy reasons behind applying the "most serious test" to double-jeopardy violations—that is, (1) it eliminates arbitrary decisions based upon the order of the

3

offenses in the charging instrument; and (2) public safety is insured through the deterrent influence of penalties. *Id.* (citing *Landers*, 957 S.W.2d at 559).

When convictions entail the same punishment and are of same degree, courts may use other factors in determining the most serious offense. For example, in *Villanueva v. State*, 227 S.W.3d 744, 749 (Tex. Crim. App. 2007), the court of criminal appeals utilized an affirmative finding of use of a deadly weapon in one first-degree felony to vacate another equal first-degree felony where an affirmative finding of use of a deadly weapon was not made.

In *Ruth v. State*, No. 13-10-00250-CR, 2011 WL 3840503, at **6–9 (Tex. App.—Corpus Christi Aug. 29, 2011, no pet.) (mem. op., not designated for publication), this Court faced a situation in which a defendant was subject to multiple punishments for the same offense in violation of the double jeopardy provision. In determining which of three convictions should be retained, we noted that each of the convictions were identical under the *Cavazos*, *Bigon*, and *Villanueva* holdings. *Id.* at *8. As a result, we faced "an unsettled question" of law, and chose to return to pre-*Cavazos* case law, which retained the "first-indicted offense" to "break the tie" when all else was equal since the court of criminal appeals expressly declined to address the issue in *Cavazos*. *See id.* (citing *Ex parte Cravens*, 805 S.W.2d 790, 791 (Tex. Crim. App. 1991) (en banc); *Ex parte Siller*, 686 S.W.2d 617, 620 (Tex. Crim. App. 1985) (en banc)).

**B.    Discussion**

Almaguer was convicted of: (1) one count of manslaughter, a lesser-included offense to capital murder and a second-degree felony enhanced to a first-degree felony based upon a finding of "true" that Almaguer had once been before convicted of a felony

4

offense, *see* TEX. PENAL CODE ANN. § 19.04; (2) one count of felony murder, a first-degree felony regardless of enhancements, *see id.* § 19.02(b)(3); (3) intentionally or knowingly causing serious bodily injury to a child by act, a first-degree felony regardless of enhancements, *see id.* § 22.04(e); and (4) intentionally or knowingly causing serious bodily injury to a child by omission, a first-degree felony regardless of enhancements, *see id.* The jury assessed punishment for each count at life imprisonment with a $10,000 fine and no restitution.

First, we are unable to utilize *Cavazos*'s greatest-sentence-only test in this case because the punishment for each conviction is equal. *See Cavazos*, 203 S.W.3d at 338. However, by applying *Bigon* and *Villanueva*, we conclude that Almaguer's manslaughter conviction, as a second-degree felony before enhancements, should not be considered. *See Bigon*, 252 S.W.3d at 372–73; *Villanueva*, 227 S.W.3d at 749. We note that the State takes an identical position in its briefing.

By not considering Almaguer's manslaughter charge, we are now left to determine which one of the three remaining first-degree felonies is the most serious offense. Here, all three convictions are equal in: (1) the assessment of punishment, *see Cavazos*, 203 S.W.3d at 338; (2) the degree of offense, *see Bigon*, 252 S.W.3d at 372–73; and (3) deadly weapon findings, *see Villanueva*, 227 S.W.3d at 749. Furthermore, we distinguish our holding in *Ruth* and find it inapplicable to this particular case. Generally, when applying the rule announced in *Ruth*, the conviction that should be affirmed "is the offense named in the first verdict form," and typically will be the offense described in Count I of the indictment. *See Cavazos*, 203 S.W.3d at 339 n.8. Here, the offense named in the first verdict form and likewise described in Count I of the indictment was the offense of

5

capital murder, under which the jury found Almaguer guilty of the lesser included offense of manslaughter. However, because we are not considering Almaguer's manslaughter conviction for purposes of this analysis, we are unable to utilize the "first-indicted offense" test in this case.

As a result, we explore this issue further herein due to the absence of clarity in the controlling authorities and recurrent problems in applying these authorities in different scenarios where the offenses are equal no matter which factors are applied to determine the most serious offense. Both Almaguer and the State agree that only one conviction should remain; but neither party directs us to any authority to make that determination on direct appeal. More specifically, the State "defers to this Court" in its briefing.

We have applied all of the existing controlling authority from the majority opinions of the court of criminal appeals, as well as precedent from this Court, and we must therefore seek guidance from Presiding Judge Keller's dissent in *Bigon*.[1] In it, she states the following:

> Although I authored *Landers,* the practical impossibility of determining in some cases which offense is really the most serious has convinced me that it would be preferable to simply give the local prosecutor the option to choose which conviction to retain. Making the matter a function of prosecutorial discretion seems to be most consistent with our prior recognition that a prosecutor in this type of situation is entitled to "submit both offenses to the jury for consideration" and receive "the benefit of the

---

[1] We note that the Austin Court issued a post-*Cavazos* opinion that utilized parole and good time considerations as a tie-breaker when all other tie-breakers yielded an equal result. *See Williams v. State*, 240 S.W.3d 293, 300 (Tex. App.—Austin 2007, pet. ref'd); *but see Ex parte Williams*, No. WR-69021-04, 2013 WL 5872880, at *1 (Tex. Crim. App. Oct. 30, 2013) (granting Williams the opportunity to file an out-of-time petition for discretionary review of the judgment of the Third Court of Appeals' decision).

We do not read *Cavazos* as expansively as the *Williams* Court and decline to extend its holding today. However, even if we were to utilize parole and good time considerations as a tie-breaker in this case, the three remaining convictions would nevertheless remain equal. Pursuant to government code section 508.145(d)(1), *see* TEX. GOV'T CODE ANN. § 508.145(d)(1) (West, Westlaw through 2013 3d C.S.), read in conjunction with article 42.12 of the code of criminal procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(1)(A), (I) (West, Westlaw through 2013 3d C.S.), Almaguer is not eligible for release on parole for any of the remaining three convictions for 30 calendar years.

most serious punishment obtained." If a subjective decision is to be made, let the local prosecutor who exercised the decision to bring the case make it. Indeed, doing so would be consistent with at least one of our decisions— *Ex parte Ervin,* [991 S.W.2d 804, 817 (Tex. Crim. App. 1999),] the very case relied upon to find a double-jeopardy violation here.

*Bigon*, 252 S.W.3d at 374 (Keller, P.J., dissenting); *Cf. Ball v. U.S.*, 470 U.S. 856, 864–65 (1985) (remanding a defendant's sentences under the federal firearm statutes to the district court to exercise its discretion to vacate one of the convictions). Therefore, absent any authority to the contrary, we adopt Presiding Judge Keller's suggestion and remand to the trial court for the local prosecutor's office to decide which conviction should be retained as the "most serious." *See id.*

## II.    CONCLUSION

We abate this appeal for thirty days and remand this cause to the trial court to hold a hearing and give the local prosecutor's office an opportunity to decide which of the following convictions (counts two, three, and four of trial court cause number CR–217–09–B) is the most serious offense. The trial court is ordered to conduct a hearing consistent with this order and solely for this limited purpose. The trial court's ruling and new judgment shall be included in a supplemental clerk's record and transmitted to this Court along with a reporter's record of the hearing.

This appeal is abated and will be reinstated on this Court's active docket only when the supplemental clerk's record is filed in this Court. The Court will consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. After reinstatement, the Court will consider the issues on appeal. It is the State's responsibility to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a

7

hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of May, 2014.