PD-1452-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/7/2015 3:44:20 PM
Accepted 12/10/2015 4:58:25 PM
ABEL ACOSTA
CLERK

NO. PD-1452-15
## IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## AUSTIN, TEXAS

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **APPELLANT** |
| | § | |
| **VS.** | § | |
| | § | |
| **BRITTANY WYATT** | § | **APPELLEE** |

## PETITION FOR DISCRETIONARY REVIEW

**CAUSE NO. 13-13-00496-CR**
**IN THE COURT OF APPEALS FOR THE 13TH DISTRICT**

**APPEAL IN CAUSE NO. 11CR5202-3**
**IN COUNTY COURT AT LAW NO. 3**
**NUECES COUNTY**

FILED IN
COURT OF CRIMINAL APPEALS

December 10, 2015

ABEL ACOSTA, CLERK

**SCHNEIDER & McKINNEY, P.C.**
**W. TROY McKINNEY***
**TEXAS BAR NO. 13725020**
**E-MAIL: wtmhousto2@aol.com**

**TOM MORAN**
**TEXAS BAR NO. 14422200**
**E-MAIL: tom6294@aol.com**

**440 LOUISIANA, SUITE 800**
**HOUSTON, TEXAS 77002**
**(713) 951-9994**
**TELECOPIER: (713) 224-6008**

**\*ATTORNEY IN CHARGE**          **ATTORNEYS FOR APPELLEE**

# IDENTITY OF THE PARTIES

1. Deeanna Svoboda Galvan (in her official capacity)............ Trial Judge

2. Brittany Wyatt................................ Defendant-Appellee

3. The State of Texas.............................. Plaintiff-Appellant

4. W. Troy McKinney........... Appellate counsel for Defendant-Appellee
   Tom Moran

   Schneider & McKinney, P.C.
   440 Louisiana, Suite 800
   Houston, Texas 77095

5. John Gilmore.................... Trial Counsel for Defendant-Appellee
   622 Tanchau St.
   Corpus Christi, Texas 78401

6. Ann Logue............................. Trial Counsel for the State
   William Ainsworth.................... Appellate Counsel for the State

   Nueces County District Attorney's Office
   901 Leopard, Room 206
   Corpus Christi, Texas 78401

i

**TABLE OF CONTENTS**

IDENTITY OF THE PARTIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii
    Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii
    Statutes and Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT CONCERNING ORAL ARGUMENT.. . . . . . . . . . . . . . . . . . . . . v

I.  STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . 1

III.  GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A.  Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    B.  Issue One:  Considering Material Outside the Appellate Record.. . . . . 6
    C.  Issue Two:  Addressing All Issues. . . . . . . . . . . . . . . . . . . . . . . 9
    D.  Issue Three:  Error Preservation. . . . . . . . . . . . . . . . . . . . . . . . 10
    E.  Issue Four:  Speedy Trial.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

V.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# INDEX OF AUTHORITIES

## Cases

*Jack v. State,* 149 S.W.3d 119 (Tex. Crim. App. 2004).. . . . . . . . . . . . . . . . 2, 6, 9

*Alford v. State,* 400 S.W.3d 924 (Tex. Crim. App. 2013).. . . . . . . . . 3, 4, 10, 12-14

*Barker v. Wingo,* 407 U.S. 514 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Gipson v. State,* 383 S.W.3d 152 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . 2, 9, 10

*Haitt v. State,* 319 S.W.3d 115 (Tex. App. – San Antonio 2010, pet. ref'd). . . . 2, 7

*Henson v. State,* 407 S.W.3d 764 (Tex. Crim. App. 2013).. . . . . . . . . . . . . . . . 13

*Hernandez v. State,* 116 S.W.3d 26 (Tex. Crim. App. 2003). . . . . . . . . . . . . . 2, 6, 9

*Holland v. Memorial Hospital System,* No. 01-14-00283-CV (Tex. App. – Houston [1ˢᵗ Dist.] November 24, 2015) (not yet reported).. . . . . . . . . . . . . . . . . . . . . 2, 7

*Keehn v. State,* 233 S.W.3d 348 (Tex. Crim. App. 2007).. . . . . . . . . . . . . . . 2, 10

*State v. Kelly,* 204 S.W.3d 808 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . 4, 14

*Turrubiate v. State,* 415 S.W.3d 433 (Tex. App. – San Antonio 2013, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 11, 14

## Statutes and Rules

TEX. R. APP. P. 68.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. R. APP. P. 33. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

TEX. R. APP. P. 33.1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

TEX. R. APP. P. 38.1(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEX. R. APP. P. 47.1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 10

TEX. R. APP. P. 66.3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

TEX. R. APP. P. 66.3(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

TEX. R. APP. P. 66.3(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

TEX. R. APP. P. 66.3(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

TEX. R. APP. P.38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

U.S. CONST. amend. VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

**STATEMENT CONCERNING ORAL ARGUMENT**

This appeal by the State presents four important questions for this Court:

1. Whether a court of appeals can base factual determinations on materials not contained in the appellate record but asserted by the State in its appellate brief.

2. Whether a trial court's ruling will be upheld on a theory of law supported by the record but raised by neither party in the trial court.

3. Whether a prevailing party in the trial court has any duty to "preserve error" for purposes of TEX. R. APP. P. 33.

4. Whether the Court of Appeals erred in failing to address all material issues raised by Appellee.

Appellee believes oral argument is important and would be helpful in the court's decision-making process, especially the use by the Court of Appeals of factual assertions not supported by the record made by the State in its appellate brief.

**TO THE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

**COMES NOW BRITTANY WYATT,** by and through her attorneys, **W. TROY McKINNEY and TOM MORAN,** and pursuant to TEX. R. APP. P. 68 files this petition for discretionary review and would show the Court as follows:

## I. STATEMENT OF THE CASE

This is an appeal by the State from the decision of the trial court to dismiss a DWI information with prejudice.

## II. STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals reversed the trial court in an opinion issued June 4, 2015. A copy is attached as Appendix A. Appellee filed a timely motion for rehearing which was overruled on October 6, 2015. On November 9, 2015, this Court extended time to file this petition until December 7, 2015.

## III. GROUNDS FOR REVIEW

1. Whether the Court of Appeals erred by considering factual matters not contained in the appellate record but asserted in the State's brief.

Review is proper pursuant to TEX. R. APP. P. 66.3(f) in that the Court of Appeals so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. Review also is proper pursuant to TEX. R. APP. P. 66.3(d) in that it appears to have

1

misinterpreted TEX. R. APP. P.38.  Review also is proper pursuant to TEX. R. APP. P. 66.3(c) in that the Court of Appeals decided an important question of state law in conflict with this Court's decisions in *Jack v. State,* 149 S.W.3d 119 (Tex. Crim. App. 2004); and *Hernandez v. State,* 116 S.W.3d 26 (Tex. Crim. App. 2003).  Review also is proper pursuant to TEX. R. APP. P. 66.3(a) in that the decision of the Court of Appeals conflicts with the decision on the same issue by the San Antonio Court of Appeals in *Haitt v. State,* 319 S.W.3d 115 (Tex. App. – San Antonio 2010, pet. ref'd); and the First Court of Appeals in *Holland v. Memorial Hospital System,* No. 01-14-00283-CV (Tex. App. – Houston [1ˢᵗ Dist.] November 24, 2015) (not yet reported).

2.     Whether the Court of Appeals erred in failing to address Appellee's claim that the State had not preserved error on appeal and in not separately addressing her due process claim.

Review is proper pursuant to TEX. R. APP. P. 66.3(f) in that the Court of Appeals so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision.  Review also is proper pursuant to TEX. R. APP. P. 66.3(d) in that it appears to have misinterpreted TEX. R. APP. P. 47.1.  Review also is proper pursuant to TEX. R. APP. P. 66.3(c) in that the failure of the Court of Appeals to address all issues conflicts with this Court's decisions in *Keehn v. State,* 233 S.W.3d 348 (Tex. Crim. App. 2007); and *Gipson v. State,* 383 S.W.3d 152 (Tex. Crim. App. 2012).

2

3.    Whether the Court of Appeals erred in holding Appellee's speedy trial claim was waived because she had not specifically raised it in the trial court when it was the State, not Appellee, was the losing party in the trial court.

Review is proper pursuant to TEX. R. APP. P. 66.3(f) in that the Court of Appeals so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. Review also is proper pursuant to TEX. R. APP. P. 66.3(d) in that it appears to have misinterpreted TEX. R. APP. P. 33.1. Review also is proper pursuant to TEX. R. APP. P. 66.3(a) in that the decision of the Court of Appeals conflicts with *Turrubiate v. State,* 415 S.W.3d 433 (Tex. App. – San Antonio 2013, pet. ref'd) Review also is proper pursuant to TEX. R. APP. P. 66.3(c) in that the Court of Appeals has decided an important question of state procedural law in conflict with this Court's decision in *Alford v. State,* 400 S.W.3d 924 (Tex. Crim. App. 2013).

4.    Whether in considering if the trial court's ruling could be upheld under a theory of law not raised in the trial court, the Court of Appeals erred in 1) requiring the prevailing party to preserve error by raising that theory in the trial court; and 2) relying on "facts" in the State's brief but not supported by the record.

Review is proper pursuant to TEX. R. APP. P. 66.3(f) in that the Court of Appeals so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision.

3

Review also is proper pursuant to TEX. R. APP. P. 66.3(a) in that the decision of the Court of Appeals conflicts with *Turrubiate v. State,* 415 S.W.3d 433 (Tex. App. – San Antonio 2013, pet. ref'd)  Review also is proper pursuant to TEX. R. APP. P. 66.3(c) in that the Court of Appeals has decided an important question of state procedural law in conflict with this Court's decision in *Alford v. State,* 400 S.W.3d 924 (Tex. Crim. App. 2013); and *State v. Kelly,* 204 S.W.3d 808 (Tex. Crim. App. 2006).

## IV.  ARGUMENT

### A.  Introduction

In this appeal, the Court of Appeals required the prevailing party, not the losing party in the trial court, to preserve error for purposes of Rule 33.1, based its decision on facts asserted in the State's brief but not the appellate record, failed to address all claims made by Appellee and failed to give deference to the trial court's implied factual findings in considering affirming the trial court  under a theory not raised in the trial court.

This case involves two informations charging Appellee with the same offense of driving while intoxicated.  The first, Cause No. 2007-0624-3, which was pending from January 26, 2007, until September 15, 2011, when it was dismissed by the State. The second was filed September 20, 2011.  C.R. 4.

On October 28, 2011, Appellee filed a motion for sanctions asserting facts that

4

there were numerous settings in Cause No. 2007-0624-3, including two evidentiary hearings at which the arresting officer did not appear. The case was set for a pretrial motion to suppress, the arresting officer failed to appear on the appointed day and the State dismissed the information. C.R. 8-9. The State refiled the information that is subject of the instant case.

On August 29, 2013, the trial court conducted a hearing on the motion at which Appellee's mother testified, among other things, that the State had been unready for suppression hearings at least twice. Both times Appellee traveled from Waco, where she was attending college, to Corpus Christi. The hearings were not held because the officer did not appear. R.R. 6-7. She testified that when the trial court called the case for a hearing, the State dismissed. R.R. 7. That was September 15, 2011. *Id.*

Trial counsel described the September 15, 2011, hearing to the trial court in this way:

> And we got here -- and Richa was a good young prosecutor. So we got in here and they weren't here. And so, you know, the Judge is like, come on, call your first witness. She said, I move to dismiss. The problem is that puts the State in the position of being able to grant their own continuances, because they can dismiss these cases and re-file them at their convenience.

R.R. 14-15.

The trial court, reviewed the docket sheet from the 2007 information, and

5

stated the case had been set for pretrial hearings five times. R.R. 15.[1]

The trial court entered an order dismissing the case with prejudice and including findings that the officer had purposely absented himself from the September 15, 2011, hearing and that Appellee was prejudiced by the dismissal and refiling. C.R. 33.

At no time did the State assert in the trial court that trial courts lack authority to dismiss cases without consent of the State and it did not object to entry of the trial court's order dismissing the information with prejudice.

**B. Issue One: Considering Material Outside the Appellate Record**

If there is anything settled in Texas appellate law it is that appeals are based on the appellate record, not factual assertions made by the parties in their briefs or even documents and affidavits filed with the appellate court. *See e.g., Jack,* 149 S.W.3d, n. 1 at 120 (Appellate courts "may not consider factual assertions that are outside the record. An affidavit attached to a motion filed in the appellate court is not part of the appellate record concerning events or actions in the trial court and it cannot be considered for the truth of the matters asserted." (citations omitted)). Likewise, in *Hernandez,* this Court held that scientific articles cited and presented the appellate court could not be considered in determining whether scientific evidence was

---

[1] The trial court stated it was hard to read the docket sheet but that is what it could read. *Id.*

admissible. The Presiding Judge, writing for the Court, said, "This is swell stuff. The trial court should have been given this material, and appellant should have been allowed an opportunity to cross-examine any witnesses who sponsored it. The trial court hearing is the main event for *Daubert/Kelly* gatekeeping hearings; it is not a try-out on the road to an appellate scientific seminar." 116 S.W.3d., at 30.

In *Haitt,* the San Antonio Court of Appeals cited *Jack,* and held "The Court of Criminal Appeals has held an appellate court may not consider factual assertions that are outside the record." 319 S.W.3d, at 123. Most recently, albeit in a civil case, the First Court of Appeals had the same holding in *Holland* that an appellate court cannot consider documents attached to an appellate brief but must decide the case on the record. Slip op., at 6-7.

In the instant case, over Appellee's objection in her brief, the Court of Appeals considered factual assertions made by the State in its brief which were not supported by the record.[2] The Court of Appeals incorrectly states that both parties made outside

---

[2]Appellant's brief included:

> The State's brief contains a 4-page section entitled "Statement of Facts," State's Brief at 7-10. There are only three citations to the record in the statement of facts in the State's brief, all of which come from the Reporter's Record. State's Brief at 9-10. Appellee is unable to locate portions of the record supporting other factual assertions made by the State in its Statement of Facts. Therefore, Appellee moves the Court to ignore any statements or assertions of fact made by the State unless they are supported by citations to the record. TEX. R. APP. P. 38.1(g).

(continued...)

7

the record factual assertions. Slip op., n. 1 at 2. Every statement of fact contained in Appellee's brief includes a record citation. The factual assertions made by the State without citations to the record and adopted by the Court of Appeals included:

1.  "According to the State, the 2007 cause number was set for jury trial fifteen times and set for pretrial hearings multiple other times." Slip Op. at 1.

2.  "The State claims Wyatt had requested at least nine continuances during that time, while the State requested at least three." Slip Op, at 1.

3.  "[B]ased on the briefs of the parties and the clerk's record submitted for the 2011 cause number, Wyatt appears to have asked for multiple continuances throughout the years her case was pending." Slip Op, at 9.[3]

Appellate courts in Texas review decisions of trial courts. They are not places to relitigate cases. That is why issues on appeal traditionally begin, "The trial court erred...." This Court should grant review to determine whether the Court of Appeals erred in basing its decision on factual assertions in the State's brief and not included in the record or whether parties may include such factual assertions in appellate briefs as substitutes for proof to the trial court.

---

[2](...continued)
Appellant's brief at 1-2.

[3]In fact, the only motions for continuance in the record relate to the 2011 case, not the 2007 case. C.R. 22-24, 25-28, 29-32.

In this case, the Court of Appeals so departed from the accepted course of judicial proceedings that this Court should grant review to exercise its power of supervision. Additionally, the Court should grant review to resolve the split between the Court of Appeals in the instant case and the San Antonio and Houston courts of appeals on the issue of taking into account factual assertions made by parties in their appellate briefs but not included in the appellate record. Finally, this Court should grant review to consider whether the decision of the Court of Appeals conflicts with cases such as *Jack* and *Hernandez* or whether the Court should re-evaluate its holdings in that line of cases to allow appellate courts to consider non-record factual assertions made by the parties in their appellate briefs.

## C. Issue Two: Addressing All Issues

The Court of Appeals failed to address two issues of importance to the case: Whether the State preserved error at the trial court and Appellee's due process claim raised in her written motion, C.R. 8-9. Rule 47.1 requires appellate courts to address every issue raised and necessary to the resolution of the case.

In *Gipson,* this Court made two holdings in consecutive sentences which the Court of Appeals ignored in the instant case. The Court wrote:

> A court of appeals must hand down a written opinion that addresses every issue raised and necessary to final disposition of the appeal. [I]ssues of error preservation are systemic in first-tier review courts;

9

such issues must be reviewed by the courts of appeals regardless of whether the issue is raised by the parties."

383 S.W.3d, at 159 (citations and internal quotation marks omitted). In *Keehn,* this Court in a *per curiam* opinion remanded a case to the court of appeals for violating Rule 47.1 by not addressing all of the appellant's issues.

In the instant case, the State made no objection to the trial court's entry of the motion to dismiss. It did not file a motion for the trial court to reconsider its order. The State never asserted to the trial court that it lacked the authority to dismiss with prejudice without the State's assent. The Court of Appeals failed to address the issues of error preservation by the State and Appellee's due process claim. This Court should grant review to emphasize that courts of appeals must deal with every issue before them which is necessary to the resolution of the case.

### D. Issue Three: Error Preservation

The State's appellate brief is the first time the State mentioned the trial court's purported lack of authority to dismiss an information without the State's consent. Nothing in the appellate record shows the State made that argument or even objected to the entry of the order under review.

In the instant case, the Court of Appeals turned Rule 33.1 on its head. Contrary to this Court's teaching in *Alford,* it failed to consider error preservation by the losing

10

party in the trial court and required the prevailing party to show she had preserved error. By doing so, it ignored *Alford* and the San Antonio Court of Appeals in *Turrubiate,* 415 S.W.3d, at 439.[4] The action of the Court of Appeals in the instant case has the effect of emasculating the long-standing holding of this Court and every appellate court in Texas that a trial judge's ruling will be upheld under any theory of law supported by the record.

If a prevailing party in the trial court must preserve error as the Court of Appeals held in the instant case, a trial court's holding could *never* be sustained on a ground not raised in the trial court for a simple reason: If argument was not raised in the trial court by the prevailing party, no error was preserved and nothing is presented for review.

The Court of Appeals decisions creates a sea change in Texas appellate law and procedure. This Court should grant review to determine whether the Court of Appeals both ignored its decisions, is in conflict with other courts of appeals and

---

[4]The *Turrubiate* Court wrote:

The *Alford* Court held that a court of appeals should consider any legal theory upon which the trial court's ruling may be upheld, regardless of whether that argument was made at trial, when, as here, the prevailing party in the underlying motion to suppress asserts that argument on appeal. Accordingly, we will address the merits of the alternative theory the State asserts on appeal-that exigent circumstances regarding the safety of the child serves as an alternative basis to uphold the trial court's ruling on appellant's motion to suppress.

11

whether this Court should adopt this new theory of jurisprudence for Texas.

## E. Issue Four: Speedy Trial

The issue presented to the Court of Appeals was not whether the trial court erred its ruling on a speedy trial motion. The issue presented was whether a violation of the Sixth Amendment, U.S. CONST. amend. VI, right to speedy trial was sufficiently supported by the record to sustain the trial court's ruling for purposes of *Alford.*

The Court of Appeals in its analysis made several errors.

First, the court asserted that Appellee made the speedy trial claim for the first time on appeal. Slip op., at 7.

Second, the court asserted she failed to preserve error. *Id. See also* Slip op., at 8 ("However, 'in order to preserve error for appellate review, a defendant must make a timely request, objection or motion in the trial court (regardless of whether or not the error complained of is constitutional).' ").

Third, its analysis relied upon facts in the briefs of the parties along with the Clerk's Record on appeal in the instant case. Slip op., at 9.

Fourth, it included in its analysis continuances sought by Appellee in the 2011 case without analyzing the reasons for delay in the 2007 case . Slip., at 9.

The first two reasons given by the Court of Appeals for rejecting Appellee's

12

claim the trial court's ruling could be upheld on speedy trial grounds flatly ignore and/or reject this Court's holdings in *Alford* as discussed, *supra.* The Court of Appeals was on notice about the holding in *Alford.* Appellee cited and discussed *Alford* on page 9 of her appellate brief. It simply chose to ignore this Court's holdings on error preservation and upholding a trial court's ruling if it can be sustained on any theory of law supported by the facts.

The third reason again centers on Issue One raised, *supra.* It is reliance on factual assertions made by the State in its appellate brief which were not part of the record.

The fourth reason the Court of Appeals gives for rejecting Appellee's claim that the trial court's decision could be affirmed on a speedy trial theory is that based on motions for continuance filed in the 2011 case. It wrote: "Her actions, like in *Henson,*[5] were not the actions of someone seeking to preserve her right to a speedy trial." Slip op., at 9.

This reasoning ignores the fact that Appellee's motion was filed in October 2011, about a month after the State dismissed the 2007 case – a case which had languished on the trial court's docket for more than four years and which had five settings for pretrial hearings. The Court of Appeals, while it cited *Barker v.*

---

[5]*Henson v. State,* 407 S.W.3d 764 (Tex. Crim. App. 2013).

13

*Wingo,* 407 U.S. 514 (1972), it did not consider or analyze the four-prong balancing test set out in that case. It did not mention the trial court's finding that Appellee was prejudiced by the State's actions in dismissing the 2007 information.

This Court in *Alford* and *State v. Kelly,* 204 S.W.3d 808 (Tex. Crim. App. 2006), as well as the *Turrubiate* Court of Appeals took a highly deferential approach to review of trial court rulings. The appellate courts should 1) imply fact findings supporting the trial court's ruling if no findings of fact and conclusions of law are entered, *Alford,* 400 S.W.3d, at 929, *Kelly,* 204 S.W.3d, at 818-19; *Turubaite,* 415 S.W.3d, at 437. Appellate courts view the record in the light most favorable to the trial court's ruling, *id.,* and affirm under any theory of law reasonably supported by the facts, 400 S.W.3d, at 929, 415 S.W.3d, at 437.

In the instant case, the Court of Appeals not only failed to conduct its review as commanded by *Alford* and *Kelly.* It did not give deference to the trial court's implied fact findings.[6] In fact, it made contrary implied findings as to the 2007 case. It failed to analyze the alternative speedy trial to see if the record would support a finding of speedy trial violation.

---

[6]Although the State made a request for findings of fact and conclusions of law, C.R. 40-41, when the trial court failed to enter them, the State took no action. Nothing in the record shows it followed up its request and it did not ask the Court of Appeals to remand for entry of findings of fact and conclusions of law. The record also is silent as to whether the State actually made the trial court aware of its request.

Appellee asserts that the record contains facts – Mrs. Wyatt's testimony about multiple pretrial hearings on the 2007 case, the trial court's order to proceed, a judicial admission by the State that it dismissed the 2007 case due to a missing witness,[7] the trial court's examination of its own records showing five pretrial hearing settings in the 2007 case –  which along with implied findings by the trial court support a finding that Appellee's Sixth Amendment speedy trial right was violated.

## V.  CONCLUSION

In the instant case, the Court of Appeals flipped the requirement that error be preserved from the appellant to the appellee.  It relied on factual assertions in the State's brief which are not supported by the record.  It failed to give deference to the trial court's implied findings of fact and it failed to properly consider if the trial court should be affirmed on a theory not asserted in the trial court when that theory is supported by the record.

The Court of Appeals gave the State a "do over" on constitutional speedy trial. It essentially allowed the State to restart the speedy trial calendar by dismissing and refiling cases.  To allow that would essentially repeal the Sixth Amendment right to a speedy trial.

This Court should grant review to tell the Court of Appeals that decisions from

---

[7]R.R. 12.

this Court and the Rules of Appellate Procedure have meaning and that the courts of appeals are expected to follow them.

**WHEREFORE, PREMISES CONSIDERED,** Appellee prays that this Court grant discretionary review, order full briefs and oral arguments, reverse the Court of Appeals and affirm the trial court.

Respectfully submitted,
SCHNEIDER & McKINNEY, P.C.


/s/ W. Troy McKinney
W. Troy McKinney*
Texas Bar No. 13725020
E-mail: wtmhousto2@aol.com

Tom Moran
Texas Bar No. 14422200
E-mail: tom6294@aol.com

440 Louisiana, Suite 800
Houston, Texas 77002
(713) 951-9994
Telecopier: (713) 224-6008

Attorneys for Appellee

## CERTIFICATE OF SERVICE

This is to certify that on December 7, 2015, a true and correct copy of Appellee's Petition for Discretionary Review was served on the Nueces County District Attorney's Office by electronic service to the below email address:

William Ainsworth
Assistant Criminal District Attorney
901 Leopard
Room 206
Corpus Christi, TX 78401
Email: bill.ainsworth@co.nueces.tx.us

/s/ W. Troy McKinney
W.Troy McKinney

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(3), I certify that the above brief was computer generated and contains 3,523 words excluding those portions set out in Tex. R. App. P. 9.4(1)(1).

/s/ W. Troy McKinney
W. Troy McKinney

# Appendix A
# Court of Appeals' Opinion



NUMBER 13-13-00496-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

BRITTANY WYATT,                                                        Appellee.

**On appeal from the County Court at Law No. 3
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

The State of Texas appeals the trial court's granting appellee Brittany Wyatt's motion to dismiss with prejudice. By one issue, the State argues that the trial court erred in granting the motion without the State's consent. We reverse and remand.

I.    **BACKGROUND**

Wyatt was arrested on January 8, 2007 for driving while intoxicated in Nueces County, Texas. She voluntarily consented to a breathalyzer test and the results revealed a blood alcohol content of .177. Wyatt was charged in cause number 2007-0624-3 on January 27, 2007 ("the 2007 cause number"). According to the State, the 2007 cause number was set for jury trial fifteen times and set for pretrial hearings multiple other times. The State filed a motion to dismiss the 2007 cause number when the arresting officer involved in the stop failed to appear for a pretrial hearing. The trial court granted the State's motion. At the time of dismissal, the 2007 cause number had been pending for four years. The State claims Wyatt had requested at least nine continuances during that time, while the State requested at least three.

The State re-filed Wyatt's case on September 20, 2011 under cause number 2011-5202-3 ("the 2011 cause number").[1] Subsequently, Wyatt filed a "Motion for Sanctions and/or Suppression of Testimony by Trooper Manuel Castro, Jr." In her motion, Wyatt argued that "on two occasions [in the 2007 cause number] the trial court scheduled an evidentiary hearing, and the trooper was either not available or purposely made himself unavailable", that Wyatt had been "financially and emotionally harmed, and re-filing the case "amounts to prosecutorial abuse." The order attached to her motion requested that the trial court grant the motion and dismiss the case with prejudice based on the arresting officer's failure to appear, that Wyatt's due process rights had been violated, further

---

[1] Although this appeal relates to the 2011 cause number, both parties reference events that occurred in the 2007 cause number. Wyatt's counsel urges this court to only review the clerk's record submitted for the present case. However, both parties continually reference incidents from the 2007 cause number in their briefs. We gathered the background information related to 2007 cause number from the briefs filed by both parties.

prosecution would amount to prosecutorial abuse, the abuse would be cruel and unusual punishment of Wyatt, and that Wyatt would be denied her right to counsel of her choice due to the State's improper dilatory tactics.

On August 28, 2013, at a pretrial hearing on Wyatt's motion, Wyatt's mother, Paula, testified as to the facts of the underlying case. Paula testified that Wyatt's attorney was prepared to argue the motion to suppress twice in the 2007 cause number but could not because the State's witness had failed to appear both times. On both occasions, Paula explained that Wyatt traveled from Waco, and her attorney traveled from San Antonio. The frequent continuances were financially burdensome because Wyatt's parents had to pay for Wyatt's and her attorney's travel expenses. Wyatt was also forced to miss college classes.

Wyatt's attorney also argued to the trial court that the State's ability to dismiss and re-file suits would eventually deprive Wyatt of her constitutional right to counsel because she had to re-hire and pay a new retainer fee to her attorney every time her case was dismissed and reinstated. Wyatt's attorney argued that eventually Wyatt would be unable to afford the attorney of her choice.

The trial court took the motion under advisement and later ordered a dismissal with prejudice in the 2011 cause number. This appeal followed.

## II.    DISMISSAL OF CHARGES BY TRIAL COURT

By its sole issue, the State asserts the trial court lacked the authority to dismiss the charges pending against Wyatt without its consent. In reviewing the dismissal of a charging instrument,

3

the appellate court must review the trial court's ruling under a bifurcated standard. The court of appeals must give almost total deference to a trial court's findings of fact that are supported by the record, as well as mixed questions of law and fact that rely upon the credibility of a witness. However, the court of appeals applies a *de novo* standard of review to pure questions of law and mixed questions that do not depend on credibility determinations.

*State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011).

### A. Applicable Law

It is a common law rule that "except in certain circumstances, a court does *not* have the authority to dismiss a case unless the prosecutor requests the dismissal." *State v. Johnson*, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991) (en banc). There are certain circumstances where a trial court can dismiss a case without the state's consent, "such as when the defendant has been denied a speedy trial, where there is a defect in the charging instrument, or, pursuant to Article 32.01, when a defendant is detained and no charging instrument is properly presented." *Id.* at 616, fn. 2 (citing TEX. CODE CRIM. PROC. ANN. § 32.01 (West, Westlaw through 2013 3d C.S.)). A trial court can also dismiss an indictment "to remedy a violation of the Sixth Amendment right to counsel." *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003). For a Sixth Amendment violation, the trial court can "properly dismiss a charging instrument if 'a defendant suffers demonstrable prejudice, or a substantial threat thereof, and where the trial court is unable to identify and neutralize the taint by other means.'" *Id.* (citing *State v. Frye,* 897 S.W.2d 324, 330 (Tex. Crim. App. 1995)). However, while a trial court "may dismiss a charging instrument to remedy a constitutional violation, the dismissal of an indictment is 'a drastic measure only to be used in the most extraordinary circumstances.'" *Id.* at 817. "Therefore, where there is no constitutional violation, or where the appellee's rights were

4

violated but dismissal of the indictment was not necessary to neutralize the taint of unconstitutional action, the trial court abuses its discretion in dismissing the charging instrument without the consent of the State." *Id.*

## B.    Discussion

The trial court held a hearing on August 28, 2013 to address the motion for sanctions and suppression of testimony Wyatt had filed. Wyatt's counsel argued the State's refiling denied Wyatt of her right to have a lawyer of her choosing and of prosecutorial misconduct. However, on appeal, Wyatt additionally argues that the State did not preserve error to complain about the dismissal by not objecting and for the first time that Wyatt's right to speedy trial was violated. Without a showing of the limited circumstances in which the trial court can dismiss without the State's consent, this ruling by the trial court would be in error. We will address the claims made by Wyatt to determine if any of the extraordinary circumstances were present.

### 1.    Sixth Amendment Right to Counsel

Wyatt contends that her right to counsel was violated by the State being able to dismiss and refile cases. Wyatt's trial counsel argued that the State can essentially grant their own continuances by dismissing and refiling cases and in essence, deny her right to have a lawyer that she chooses. The State argued the Sixth Amendment right to counsel is not absolute and a defendant is not entitled to a lawyer she cannot afford. U.S. CONST. AMEND. VI.; *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003)

The Sixth Amendment to the United States Constitution "guarantees that 'in all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence.'" *Wheat v. U.S.*, 486 U.S. 153, 158 (1988). The "right to

5

assistance of counsel contemplates the defendant's right to obtain assistance from counsel of the defendant's choosing". *Gonzalez v. State*, 117 S.W.3d at 837. However, that right is not absolute. *Id.* "A defendant has no right to an advocate who is not a member of the bar, an attorney he cannot afford or who declines to represent him, or an attorney who has a previous or ongoing relationship with an opposing party." *Id.* In evaluating a Sixth Amendment claim, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." *Wheat*, 486 U.S. at 159 (citing *United States v. Cronic*, 466 U.S. 648, 657, n. 21 (1984)).

Wyatt argues that the actions by the State will deprive her of her choice of counsel because of the expense she must endure. However, Wyatt is not entitled to an attorney she cannot afford. Wyatt's mother testified that the original trial counsel they hired charged a large retainer fee and the contract terminated between the parties at the time of the dismissal. Wyatt never claims she would not be able to afford that attorney's services again. She simply claims that she will have to pay another fee in order to employ him. This situation does not amount to a denial of her Sixth Amendment right to counsel, and if she cannot afford him a second time, it is not a denial of her constitutional rights. U.S. CONST. AMEND. VI. Therefore, the trial court was incorrect to grant Wyatt's motion on this ground.

### 2. Prosecutorial Misconduct

Wyatt also claims that the State's ability to refile a case amounted to prosecutorial misconduct. However, in *State v. Mason*, the Court of Criminal Appeals stated they "have found no authority permitting a trial court to dismiss a case with prejudice based on the State's alleged bad faith or harassment of the defendant." *State v. Mason*, 383

6

S.W.3d 314, 315 (Tex. Crim. App. 2012). In *Mason*, "neither the trial judge nor appellee ever alleged the State engaged in acts demonstrating bad faith or prosecutorial misconduct." *Id.* Similarly, in Wyatt's case, she alleges there was prosecutorial misconduct based on the refiling of her case, but during the pretrial hearing, her trial counsel states that the allegation is neither directed at the prosecutor who handled the 2007 cause number nor the current prosecutor handling the 2011 cause number. There was no showing of prosecutorial misconduct other than the allegation made by Wyatt in her motion, and the trial court should not have granted a dismissal based on prosecutorial misconduct.

### 3. Speedy Trial Violation

Additionally, for the first time on appeal, Wyatt makes a claim that the actions of the State amounted to a violation of her right to a speedy trial. *Id.* Under the rules of appellate procedure, in order for Wyatt to raise this issue on appeal, it must have been made and ruled on by the trial court. TEX. R. APP. P. 33.1. (West, Westlaw through 2013 3d C.S.). However, even if it had been properly preserved for our review, we hold that Wyatt's right to a speedy trial was not violated.

The Sixth Amendment also guarantees the accused right to a speedy trial. U.S. CONST. AMEND. VI. The factors for the trial court to consider, commonly known as the *Barker* factors, used in analyzing a speedy trial violation are: (1) "whether delay before trial was uncommonly long", (2) "whether the government or the criminal defendant is more to blame for that delay", (3) "whether, in due course, the defendant asserted his right to a speedy trial", (4) "whether he suffered prejudice as the delay's result." *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002) (en banc) (citing *Barker*

*v. Wingo*, 407 U.S. 514, 530 (1972)). Courts must analyze the claims "by first weighing the strength of each of the above factors and then balancing their relative weights in light of 'the conduct of both the prosecution and the defendant.'" *Id.* However, "in order to preserve error for appellate review, a defendant must make a timely request, objection, or motion in the trial court (regardless of whether or not the error complained of is constitutional)." *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013). Speedy trial must be complained about in the trial court in order to "allow the trial court to develop the record sufficiently for a *Barker* analysis." *Id.* at 769. It is the "accused's burden to develop a record that a speedy trial violation occurred and that it was asserted at the trial court." *Grimaldo v, State*, 130 S.W.3d 450, 453 (Tex. Crim. App.—Corpus Christi 2004, no pet.). "Mere allegations in an appellate brief are not enough." *Id.* Speedy trial rights are "different from other constitutional rights because the depravation of the right can benefit the defendant" and as such the demand should be "unambiguous" when made in the trial court. *Id.* at 766, 769. The *Henson* court explained:

> As has been discussed, the deprivation of a speedy trial often can benefit the appellant. Without a requirement of preservation, a defendant would have great incentive not to insist upon a speedy trial and then argue for the first time on appeal that the prosecution should be dismissed because of delay. The requirement of preservation forces the defendant to pick one strategy. He can either fail to insist upon a speedy trial and possibly reap benefits caused by the delay, or he can insist on a prompt trial, and if it is not granted, argue for a dismissal. He may not do both.

*Id.* at 769. In *Henson*, the defendant "did not file a speedy trial motion, did not request a hearing on the delays, and explicitly agreed to each and every reset." *Id.* The trial court found that those were "not the actions of someone seeking to preserve and protect his right to speedy trial." *Id.*

8

Wyatt's case is analogous to *Henson*. Although Wyatt's case languished on the docket for four years, she never raised a violation of speedy trial with the trial court. Additionally, based on the briefs of the parties and the clerk's record submitted for the 2011 cause number, Wyatt appears to have asked for multiple continuances throughout the years her case was pending. Her actions, like in *Henson*, are not the actions of someone seeking to preserve her right to speedy trial. Granting a dismissal based on a speedy trial violation was improper in the present case.

In analyzing the grounds contained with the trial court's order to dismiss, we find that none of them warrant dismissal by the trial court without the State's consent.[2]

### III. CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
4th day of June, 2015.

---

[2] We find that the due process violation referred to in the trial court's order is contained within the Sixth Amendment violation allegations of speedy trial and right to counsel. As such, we do not need to separately address that claim.

9